**John David ROETTGEN,
Petitioner–Appellant,**

v.

**Dale COPELAND, Warden, et al.,
Respondents–Appellees.**

**No. 93–15760.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 17, 1994 *.

Decided Aug. 16, 1994.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

John David Roettgen, in pro per.

R. Wayne Ford, Asst. Atty. Gen., Phoenix, AZ, for respondents-appellees.

Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.

PER CURIAM:

John David Roettgen, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. The district court determined that Roettgen had not fairly presented his claims to the Arizona Supreme Court, and dismissed his petition for failure to exhaust available state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253,

and we review de novo. *Thomas v. Lewis,* 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.

■ A petitioner has not satisfied the exhaustion requirement unless he has fairly presented his claim to the highest state court. *Middleton v. Cupp,* 768 F.2d 1083, 1086 (9th Cir.1985), *cert. denied,* 478 U.S. 1021, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986). Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

Roettgen pled guilty to two counts of aggravated assault. His attorney filed an *Anders* brief in the Arizona Court of Appeals, raising only the issue of whether Roettgen's plea was knowing and voluntary. Roettgen was given an opportunity to submit a pro se brief, but he did not. The Court of Appeals affirmed his conviction. Roettgen did not seek review by the Arizona Supreme Court, nor did he file a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32. Instead, he filed a state habeas corpus petition in the Arizona Supreme Court, alleging that the trial court lacked jurisdiction, he was denied an arraignment, and his guilty plea was not knowing and voluntary. The Arizona Supreme Court dismissed his petition, stating that the relief he sought "may be obtained through a petition for post-conviction relief in the trial court." Rather than file a Rule 32 motion, Roettgen then filed a federal habeas corpus petition raising the same three claims.

■ The district court dismissed his petition without prejudice for failure to exhaust his state court remedies. To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32. The court determined that in Arizona, habeas corpus is a civil remedy, reserved solely for challenges to the trial court's jurisdiction. *See State v. Montez,* 102 Ariz. 444, 447, 432 P.2d 456, 459 (1967); *Applications of Oppenheimer,* 95 Ariz. 292, 296, 389 P.2d 696, 700, *cert. denied,* 377 U.S. 948, 84 S.Ct. 1359, 12 L.Ed.2d 311 (1964). Relying on the same cases, Roettgen argues that habeas corpus was the proper proceeding in which to present his claims because he contested the court's subject matter jurisdiction.[1]

■ Rule 32 was amended in 1975, in part, to consolidate several types of post-conviction writs, petitions, and motions into one comprehensive post-conviction remedy; included was state habeas corpus. *See* Ariz. R.Crim.P. 32.1, comment. Rule 32 does not eliminate habeas corpus as a remedy; however, habeas corpus is subordinated to the post-conviction remedy of Rule 32. *See* Ariz. R.Crim.P. 32.3 & comment. Rule 32 is meant to encompass the grounds available under a writ of habeas corpus, but habeas corpus relief remains available for claims which fall outside the scope of Rule 32. *See State v. Manning,* 143 Ariz. 139, 141, 692 P.2d 318, 320 (Ct.App.1984) (if petition does not allege a specific ground for relief enumerated in Rule 32, petitioner cannot bring a Rule 32 petition and must instead bring a petition for habeas corpus).

■ Here, Roettgen's jurisdictional and lack of arraignment claims are cognizable under Rule 32. *See* Ariz.R.Crim.P. 32.1(a) (constitutional claims); Ariz.R.Crim.P. 32.-1(b) (jurisdiction). Although the cases cited by both parties and the district court have not been overruled, they were decided prior to the creation of Rule 32. Because Rule 32 now explicitly provides a post-conviction remedy for jurisdictional challenges, and because the Arizona legislature and the courts have shown a clear preference that claims cognizable under Rule 32 be presented in a Rule 32 petition for post-conviction relief rather than a petition for habeas corpus, Roettgen has not fairly presented those claims to the Arizona Supreme Court. *See Castille,* 489 U.S. at 351, 109 S.Ct. at 1060.

---

**1.** In his state habeas corpus petition, Roettgen contended that he was never arraigned. He argued that he was thus deprived of his right to know the charges against him, and that this deprivation divested the court of subject matter jurisdiction.

■ His claim that his guilty plea was not knowing and voluntary was raised on appeal and affirmed; but because he did not seek review in the Arizona Supreme Court, he also did not exhaust his available state remedies on that claim as well. *Jennison v. Goldsmith,* 940 F.2d 1308, 1311 (9th Cir.1991) (per curiam).

Accordingly, the petition was properly dismissed for failure to exhaust available state remedies. *Middleton,* 768 F.2d at 1086.

AFFIRMED.