50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Derek LESLIE, Petitioner-Appellant,
v.
John R. HALLAHAN; Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 94-15950.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 IN PART, VACATED AND REMANDED IN PART.
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Derek Leslie, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. Leslie's habeas petition involves his 1980 conviction for robbery and his 1991 conviction for armed robbery. Leslie contends that his 1980 guilty plea was invalid due to: (1) ineffective assistance of counsel; (2) the trial court's failure to notify Leslie of his appeal rights; and (3) the trial court's denial of due process. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm in part and vacate and remand in part.
 
 Background
 
 3
 On May 29, 1980, Leslie pled guilty to one count of robbery before the Maricopa County Superior Court (CR 111175). On July 24, 1980, the trial court sentenced Leslie to four years probation. Leslie did not appeal this conviction.
 
 
 4
 Subsequently, Leslie was indicted for one count of armed robbery in Maricopa County (CR 90-06760). On November 14, 1990, Leslie agreed to plead no contest to armed robbery and to the prior felony conviction in CR 111175. On March 25, 1991, the trial court conducted a plea hearing and accepted Leslie's no contest plea. The trial court sentenced Leslie to a term of ten years and six months.
 
 
 5
 Leslie appealed his sentence to the Arizona Court of Appeals. Leslie's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Leslie filed a pro se brief, which raised one issue; Leslie argued that his plea in CR 90-06760 was not knowing and voluntary because he did not understand the effect his prior conviction would have on his sentence. On February 25, 1992, the Arizona Court of Appeals affirmed Leslie's conviction and sentence and relieved defense counsel of his obligations. On February 26, 1992, defense counsel wrote a letter to Leslie informing him of his option of filing a petition for review with the Arizona Supreme Court. On April 3, 1992, the Arizona Court of Appeals noted that Leslie had failed to file a motion for reconsideration or a petition for review, and the time for filing either a motion or a petition had passed.
 
 
 6
 On December 8, 1992, Leslie filed a habeas corpus petition with the Arizona Supreme Court in CR 111175. On February 9, 1993, the Arizona Supreme Court dismissed the petition.
 
 
 7
 On February 24, 1993, Leslie filed his Sec. 2254 petition with the district court. On December 21, 1993, the magistrate judge recommended that Leslie's petition be dismissed as his claims were procedurally barred. On April 12, 1994, the district judge adopted the magistrate judge's report and recommendation and dismissed the petition.
 
 Custody
 
 8
 The state contends that Leslie is precluded from challenging his 1980 conviction (CR 111175) because Leslie was not in custody at the time he filed his petition with the district court. This contention has merit.
 
 
 9
 Subject matter jurisdiction under 28 U.S.C. Sec. 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. Sec. 2254 (1988); Brock v. Weston, 31 F.3d 887, 889 (9th Cir.1994); Feldman v. Perrill, 902 F.2d 1445, 1447 (9th Cir.1990) (explaining that writ of habeas corpus only extends to persons "in custody"). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for habeas purposes. Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam); Brock, 31 F.3d at 889-90. Even if a petitioner is in custody under a subsequent conviction, which is enhanced by the prior conviction, the petitioner may not challenge the earlier conviction because of the lack of custody. See Maleng, 490 U.S. at 492-93; Brock, 31 F.3d at 889-90. However, the district court should liberally construe the pro se petition as an attack on the subsequent conviction as enhanced by the allegedly invalid prior conviction. Maleng, 490 U.S. at 493-94; Brock, 31 F.3d at 890. Thus, when a petitioner is "in custody" under a subsequent conviction, the district court has jurisdiction to consider a collateral attack on this conviction as enhanced by the prior conviction. Maleng, 490 U.S. at 493-94; Feldman, 902 F.3d at 14448-49.
 
 
 10
 Here, Leslie's sentence for his 1980 conviction had fully expired before he filed his Sec. 2254 petition with the district court. Leslie was precluded from challenging his 1980 conviction because he was no longer "in custody" under this conviction. See Maleng, 490 U.S. at 492; Brock, 31 F.3d at 889-90. However, the district court properly construed Leslie's pro se petition as an attack on his 1991 conviction as enhanced by the allegedly invalid 1980 conviction. See Maleng, 490 U.S. at 493-94; Feldman, 902 F.2d at 1448-49. Accordingly, the district court lacked jurisdiction to consider Leslie's 1980 conviction but had jurisdiction to consider Leslie's 1991 conviction as enhanced by the 1980 conviction. See Maleng, 490 U.S. at 493-94; Feldman, 902 F.2d at 1449.
 
 Exhaustion or Procedural Bar
 
 11
 The state contends that the district court was procedurally barred from considering Leslie's 1991 conviction because Leslie failed to exhaust his state remedies and Arizona law would now preclude Leslie from exhaustion.[1] This contention lacks merit.
 
 
 12
 A state prisoner must exhaust all available state remedies before a federal court may consider the merits of his habeas corpus petition. 28 U.S.C. Sec. 2254(b) (1988); Rose v. Lundy, 455 U.S. 509, 516 (1982). In order to satisfy the exhaustion requirement, the petitioner must fairly present his claims to the highest state court. Picard v. Connor, 404 U.S. 270, 275 (1971); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994) (per curiam). If the state courts will no longer consider the merits of a federal constitutional claim because of the petitioner's failure to follow a state procedural rule, the petitioner has procedurally defaulted on this claim. Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988).
 
 
 13
 "An Arizona state prisoner may obtain collateral review of any federal constitutional claim in the Arizona state courts pursuant to Rule 32.1 of the Arizona Rules of Criminal Procedure." Johnson, 929 F.2d at 463; see Roettgen, 33 F.3d at 38.[2] Collateral review is barred, however, if the claims were "knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3) (amended effective Sept. 30, 1992); Johnson, 929 F.2d at 463 (discussing pre-1992 version of Rule 32.2). Thus, the Arizona courts may infer from the petitioner's failure to raise an issue on appeal that he waived his right to seek review of this issue. Ariz.R.Crim.P. 32.2(c) (amended effective Sept. 30, 1992); Johnson, 929 F.2d at 463; State v. Wilson, 875 P.2d 1322, 1325 (Ariz.Ct.App.1994). "[P]reclusion can be found only if the state pleads and proves it before the ... court by a preponderance of evidence." State v. Hursey, 861 P.2d 615, 617 (Ariz.1993).
 
 
 14
 Here, Leslie has failed to exhaust his state remedies with respect to his challenge to his 1991 conviction as enhanced by the allegedly invalid 1980 conviction, because he did not present his claims to the Arizona Supreme Court. See Roettgen, 33 F.3d at 38; Johnson, 929 F.2d at 464. Leslie has not raised his federal constitutional claims either on direct appeal or in a Rule 32 proceeding before the Arizona courts. See Johnson, 929 F.2d at 464.
 
 
 15
 The district court, however, erred because it concluded that Leslie failed to raise his claims in a timely manner and is now barred by a state rule of procedure from exhausting his state remedies. See Roettgen, 33 F.3d at 38-39; Johnson, 929 F.2d at 464. No Arizona court has concluded that Leslie is procedurally barred from raising his unexhausted claims. See Johnson, 929 F.2d at 464; Hursey, 861 P.2d at 617. Although the Arizona courts may conclude that Leslie has waived his right to seek review of these claims, such a waiver is permissive rather than mandatory and must be supported by the record. See Johnson, 929 F.2d at 464 (record must indicate that petitioner was aware of necessity of raising claims on appeal); Wilson, 875 P.2d at 1325. The district court erred in dismissing Leslie's Sec. 2254 petition because of its mistaken conclusion that Leslie's claims were procedurally barred under Arizona law. See Roettgen, 33 F.3d at 38 (affirming district court's order dismissing petition for failure to exhaust state remedies under similar procedural background); Johnson, 929 F.2d at 464. Accordingly, we vacate the district court's order dismissing Leslie's Sec. 2254 petition and remand with instructions to dismiss the petition without prejudice to the refiling of a petition once Leslie has exhausted his state remedies. See Johnson, 929 F.2d at 464.
 
 
 16
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Leslie's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The state also argues that Leslie has procedurally defaulted on his claims with respect to his 1980 conviction. Since Leslie was not "in custody" in connection with the 1980 conviction, we lack jurisdiction to consider this argument. See Feldman, 902 F.2d at 1448-49
 
 
 [2]
 Although the Arizona Legislature amended the Rule 32 statutory scheme in 1992, the provisions did not become effective until September 30, 1992. See Ariz.R.Crim.P. 32.1-32.9 (amended effective Sept. 30, 1992). Since the Arizona Court of Appeals affirmed Leslie's conviction on April 3, 1992, the former version of Rule 32 applies to Leslie's case. See State v. Wilson, 875 P.2d 1322, 1325 (Ariz.Ct.App.1994) (applying former version of Rule 32)