53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jack K. STEIN, Plaintiff-Appellant,
v.
Tana WOOD, Defendant-Appellee.
 No. 94-35573.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994*
Memorandum Disposition Filed Nov. 18, 1994.
Memorandum Withdrawn March 30, 1995.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 We withdraw the memorandum disposition filed November 18, 1994. With the filing of the new memorandum disposition, the panel votes to deny Jack Stein's petition for rehearing. The panel also rejects the suggestion for rehearing en banc.
 
 
 2
 We deny Stein's motions to file an amended petition for rehearing and to file a "traverse."
 
 
 3
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.
 
 
 4
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 
 5
 MEMORANDUM**
 
 
 6
 Washington state prisoner Jack K. Stein appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition challenging his convictions for three attempted murders and burglary. The issue on appeal is whether Stein has exhausted all of his federal habeas claims. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir. 1991), and we vacate and remand.
 
 
 7
 The Washington Court of Appeals dismissed Stein's direct appeal for failure to perfect the appeal. Stein filed a petition for review with the Washington Supreme Court. The supreme court ordered Stein to file a supplemental pleading and expressly informed him "that the only issue now before this court is whether to accept review of the court of appeals dismissal of his appeal." Stein contended in his supplemental pleading that he received ineffective assistance of counsel during his appeal, which caused the dismissal. Stein also raised constitutional claims challenging his trial and conviction. The supreme court denied review. While Stein's federal habeas petition was pending in the district court, Stein filed a personal restraint petition in the Washington Supreme Court, which transferred the petition to the court of appeals. Stein raised essentially the same claims in his personal restraint petition that he raised in the petition for review. The Washington Court of Appeals denied the personal restraint petition. Stein filed a motion for discretionary review in the Washington Supreme Court.
 
 
 8
 Stein's section 2254 petition raises the same claims that he presented to the Washington state courts. The district court dismissed his claims of trial error because they were procedurally barred, and dismissed without prejudice his ineffective assistance of counsel claim because it was not exhausted. Stein's motion for discretionary review was pending in the Washington Supreme Court at the time Stein filed his notice of appeal. While this appeal was pending, the Washington Supreme Court denied his motion for discretionary review.
 
 
 9
 A petitioner satisfies the exhaustion requirement if he fairly presents his habeas claims to the state's highest court. Picard v. Conner, 404 U.S. 270, 275 (1971); Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983). A claim is not fairly presented if it is submitted to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances. Castille v. Peoples, 489 U.S. 346, 351 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).
 
 
 10
 Generally, a state prisoner may not obtain federal habeas relief before exhausting all state remedies at the time he files for relief. See Rose v. Lundy, 455 U.S. 509, 518-520 (1982); Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir. 1984). A habeas corpus petition containing unexhausted claims must be dismissed without prejudice. Rose, 455 U.S. at 522; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). An appellate court may give relief if state remedies are exhausted when it acts, even if state remedies were not exhausted when the petitioner filed his petition in federal court. Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988); Schwartzmiller, 752 F.2d at 1344.
 
 
 11
 Stein presented all of his federal habeas claims to the Washington Supreme Court in his first petition for review. The supreme court's review, however, was limited to the court of appeal's dismissal of Stein's direct appeal. Consequently, Stein's first petition for review did not constitute a fair presentation of his claims of trial error. See Castille, 489 U.S. at 351; Roettgen, 33 F.3d at 38. Because Stein did not exhaust his claims before filing his petition for habeas corpus in the district court, the petition should have been dismissed without prejudice. See Rose, 455 U.S. at 522; Guizar, 843 F.2d at 372. Stein did, however, exhaust his state remedies while this appeal was pending. We could, in our discretion, address the merits of Stein's claims. See Buffalo, 854 F.2d at 1163; Schwartzmiller, 752 F.2d at 1345. Because the record and briefs are inadequate for that task, however, we decline to do so. For similar reasons, we do not consider Wood's contention that Stein's claims are procedurally barred.
 
 
 12
 We vacate the district court's judgment. On remand, the district court may permit Stein to amend his petition before considering the merits of his claims.
 
 
 13
 VACATED and REMANDED.
 
 
 
 *
 Because the panel unanimously finds this case suitable for decision without oral argument, Stein's request for oral argument is denied. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3