69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael James MORROW, Petitioner-Appellant,
v.
Joe M. MARTINEZ; Grant Woods, Attorney General,
Respondents-Appellees.
 No. 94-16883.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON, AND T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael James Morrow, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. Morrow contends that the district court erred by finding that he failed to exhaust his state remedies. We have jurisdiction under 28 U.S.C. Sec. 2253, and affirm.
 
 
 3
 We review the district court's denial of a petition for writ of habeas corpus de novo. Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 115 S.Ct. 333 (1994). A state prisoner must exhaust state remedies before a federal court may grant habeas corpus relief. 28 U.S.C. Sec. 2254(b) (1988); Rose v. Lundy, 455 U.S. 509, 522 (1982); James, 24 F.3d at 24. We have held that a petitioner can satisfy the exhaustion requirements by presenting his claims to the state's highest court and allowing that court a fair opportunity to rule on the merits, prior to presenting them to the federal courts. Roettgen, 33 F.3d at 38; James, 24 F.3d at 24.
 
 
 4
 Here, Morrow pleaded guilty to attempted first degree murder and attempted robbery pursuant to a plea agreement. Morrow admits that he has not pursued any remedies with the state courts. In his petition, Morrow indicated that he has neither pursued his remedies on direct appeal nor has he filed a petition for post-conviction relief. Because Morrow has not exhausted his state remedies, the district court must dismiss the petition for writ of habeas corpus. See Roettgen, 33 F.3d at 39. Accordingly, we affirm the dismissal of Morrow's petition for writ of habeas corpus. See Rose, 455 U.S. at 522; Roettgen, 33 F.3d at 39.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument and denies Morrow's request for oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Morrow also contends that the district court erred by dismissing his petition for writ of habeas corpus without reviewing the state record on appeal to determine if he had indeed exhausted his remedies. As Morrow admits that he has not exhausted his state remedies, this contention lacks merit