77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin James ATKINSON, Petitioner-Appellant,
v.
James C. SPAULDING, Director, The Idaho Department of
Corrections, Respondent-Appellee.
 No. 95-35738.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 20, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Idaho prisoner Melvin James Atkinson appeals pro se the district court's dismissal for failure to exhaust state remedies of his habeas corpus petition brought under 28 U.S.C. § 2254. Atkinson contends that he exhausted his federal claim. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and vacate and remand.
 
 
 3
 A petitioner satisfies the exhaustion requirement if he fairly presents his habeas claims to the state's highest court, or shows that no state remedy remains available. Picard v. Conner, 404 U.S. 270, 275 (1971); Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.1983); see also Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988) (per curiam) (habeas corpus petition containing unexhausted claims must be dismissed without prejudice). A claim is not fairly presented if it is submitted to the state's highest court in a procedural context in which its merits will not be considered absent special and important reasons. Castille v. Peoples, 489 U.S. 346, 351 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994) (per curiam).
 
 
 4
 The State correctly notes that Atkinson did not raise his Sixth Amendment claim in the trial court or in the Idaho Court of Appeals, and did not file a state petition for post-conviction relief. Atkinson did raise the claim in his petition for review with the Idaho Supreme Court during his direct appeal. The supreme court denied review without opinion. We conclude that that Atkinson presented his claim to the Idaho Supreme Court in a procedural context in which the merits of the claim would be considered. See Castille, 489 U.S. at 351; Roettgen, 33 F.3d at 38. We also conclude that the supreme court's unexplained denial was on the merits because it does not rest on independent and adequate state grounds. See Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir.1992), cert. denied, 114 S.Ct. 240 (1993); see also Harris v. Reed, 489 U.S. 255, 261-62 (1989). Accordingly, Atkinson exhausted his state remedies. See Picard, 404 U.S. at 275; Kellotat, 719 F.2d at 1029.[1]
 
 
 5
 An appellate court may give relief if state remedies are exhausted. See Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir.1988); Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir.1984). Because the record and briefs are inadequate for that task, however, we decline to do so. See Buffalo, 854 F.2d at 1163; Schwartzmiller, 752 F.2d at 1345. We vacate the district court's judgment and remand for consideration of Atkinson's claim on the merits.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject the State's contention that Atkinson procedurally defaulted his Sixth Amendment claim because he presented this claim to the Idaho Supreme Court, and that court denied review without opinion. See Harris, 489 U.S. at 261-62; Hunter, 982 F.2d at 347-48