134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack K. STEIN, Petitioner-Appellant,
v.
Tana WOOD, Superintendent; Belinda D. Stewart, Respondents-Appellees.
 No. 96-35694.
 United States Court of Appeals, Ninth Circuit.
 Sept. 22, 1997.
 
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 ORDER
 
 1
 It is ordered that the memorandum disposition in Stein v. Wood, No. 96-35694, is filed nunc pro tunc on September 22, 1997.
 
 
 2
 MEMORANDUM*
 
 
 3
 Washington state prisoner Jack E. Stein appeals pro se the district court's grant of summary judgment against most of the claims in his 28 U.S.C. § 2254 habeas petition challenging his attempted murder and burglary convictions, and the conditional grant of his petition on his remaining two claims of ineffective assistance of counsel on appeal and excessive delay on appeal.[1] We have jurisdiction under 28 U.S.C. § 2253. We review the denial of a petition for habeas corpus de novo, United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996). We affirm the district court's grant of summary judgment against Stein's claims and its issuance of the writ conditional upon reinstatement of Stein's direct appeal.
 
 
 4
 In a previous order we held that Stein had exhausted his state remedies, vacated the district court's judgment dismissing his petition, and remanded for the district court's consideration of the merits of Stein's claims. Stein v. Wood, No. 94-35573, 1995 WL 139365 (9th Cir. Mar. 30, 1995). On remand Stein amended his petition to assert eleven claims, nine relating to the trial and two concerning his direct appeal. The district court granted the state's motion for partial summary judgment against Stein's trial claims and ordered an evidentiary hearing on the other two claims. Following the hearing, the district court ruled that Stein had been unconstitutionally deprived of his right to a direct appeal and issued a conditional writ of habeas corpus requiring the state court to release Stein if it did not reinstate his appeal within 90 days. Stein then filed an appeal arguing that the district court erred in granting summary judgment against his nine claims and in its choice of the conditional writ as a remedy.
 
 
 5
 Stein first argues that the district court was required to conduct an evidentiary hearing on his entire habeas petition. There is no evidence that Stein requested such a hearing. Moreover, the district court did not abuse its discretion when it decided not to conduct an evidentiary hearing on Stein's trial claims. See Bonin v. Calderon, 59 F.3d 815, 827 (9th Cir.1995), cert. denied, 116 S.Ct. 718 (1996).
 
 
 6
 We have reviewed all of Stein's trial claims, including those based on (1) refusal to appoint counsel on direct appeal; (2) denial of his request to remove his trial attorneys; (3) denial of his right to self-representation at trial; (4) denial of a speedy trial; (5) subornation of perjury; (6) misconduct by state officials; (7) insufficiency of the evidence on Counts IV and V; (8) improper admission of Judge Lodge's testimony; and (9) improper admission of character evidence. After conducting an independent review of the record, we conclude that Stein's claims lack merit. We affirm the grant of summary judgment against these claims for the reasons stated by the district court in its order dated December 20, 1995.
 
 
 7
 Stein asserts that the district court erred in issuing the writ conditional upon reinstatement of his direct appeal within 90 days rather than upon the hearing of his appeal. We find this assertion without merit. See Lozada v. Deeds, 964 F.2d 956, 959 (9th Cir.1992).
 
 AFFIRMED[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Stein filed his petition before April 24, 1996, the Anti Terrorism and Effective Death Penalty Act of 1996 does not apply. See Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir.1997) (en banc), petition for cert. filed, 66 U.S.L.W. 3157 (U.S. Aug. 11, 1997) (No. 97-289)
 
 
 [2]
 Stein's motion for leave to file an oversized reply brief is granted. All other pending motions are denied