129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ary ST. HILAIRE, Petitioner-Appellant,
v.
Terry STEWART, Director; Meg Savage, Warden; Attorney
General for the State of Arizona, Respondents-Appellees.
 No. 97-15009.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 16, 1997.**
Decided Nov. 4, 1997.
 
 Appeal from the United States District Court for the District of Arizona, D.C. No. CV-96-00431-PGR; Paul G. Rosenblatt, District Judge, Presiding.
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gary St. Hilaire, a former Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. St. Hilaire contends the district court erred by dismissing his petition without prejudice for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 In a previous section 2254 petition, St. Hilaire raised the claim that he suffered a double jeopardy violation when the Arizona Superior Court exercised jurisdiction over his appeal because the notice of appeal was untimely under Arizona state law. While the federal petition was pending, St. Hilaire filed a habeas corpus petition in the Arizona Supreme Court raising the same claim. The Arizona Supreme Court dismissed that petition without prejudice during the pendency of St. Hilaire's appeal to this court of the district court's denial of the federal petition. Approximately eight months later, we issued a memorandum decision dismissing the federal petition without prejudice for exhaustion of state remedies. See St. Hilaire v. Lewis, No. 93-15900 (9th Cir. July 15, 1994). Instead of filing a new petition for post-conviction relief under Ariz. R.Crim. P. 32, St. Hilaire filed a motion in the Arizona Supreme Court to reopen his prior habeas corpus petition which had been dismissed without prejudice. The Arizona Supreme Court denied the motion to reopen for lack of cause.
 
 
 4
 St. Hilaire then filed the instant petition in district court. The district court found that St. Hilaire had failed to properly exhaust his untimely notice of appeal claim because he had presented the claim to the state court in a procedural context in which the merits were unlikely to be considered. We agree. See Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994) (per curiam) (filing habeas corpus petition in Arizona Supreme Court did not constitute fair presentation for exhaustion purposes). Accordingly, we affirm the district court's judgment dismissing the petition without prejudice.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3