**Jose Jesus GARCIA, Petitioner–Appellant,**

v.

**Tom CAREY, Warden, Respondent–Appellee.**

No. 01–55899.
D.C. No. CV–00–06448–RSWL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2002.

Decided June 7, 2002.

---

Before LAY,* CANBY, and PAEZ,
Circuit Judges.

MEMORANDUM **

Jose Jesus Garcia was convicted in California state court of attempted murder and two counts of assault with a firearm. He was sentenced to life imprisonment with possibility of parole on the conviction for attempted murder and received an additional eight years for personal use of a firearm, inflicting great bodily injury, and being armed with a firearm. Following Petitioner's conviction, appointed counsel timely filed an appeal. Counsel raised a single issue, asserting a sentencing enhancement error. The State conceded the error, and the California Court of Appeals affirmed the conviction and struck the erroneous enhancement.

Nine months later, Petitioner filed for a writ of habeas corpus in the California Supreme Court, asserting the trial court erred by admitting certain testimony. The court summarily denied the petition, citing *In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793 (1949).[1]

Petitioner subsequently filed a federal petition for writ of habeas corpus in the United States District Court, asserting that the disputed testimony violated his federal due process right. The district court dismissed without prejudice his petition as unexhausted, relying on the Cali-

---

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The court's order read in its entirety: "Petition for writ of habeas corpus is DENIED. (*In re Swain* (1949) 34 Cal.2d 300, 304, 209 P.2d 793.)"

fornia Supreme Court's citation to *In re Swain.* Petitioner argues on appeal that the citation to *In re Swain* provided insufficient justification for the California Supreme Court to dismiss his state habeas petition on procedural grounds. We affirm.

In *Swain,* the court denied an application for a writ of habeas corpus, relying upon its long standing practice of requiring that allegations in habeas petitions be stated with particularity. 31 Cal.2d at 302, 304, 188 P.2d 470. The court also mentioned, however, another practice by which the court requires that "one who belatedly presents a collateral attack ... explain the delay in raising the question." *Id.* at 302, 188 P.2d 470. Petitioner would have us find the California Supreme Court relied on this "untimeliness" rationale, and did so incorrectly. We disagree. We hold it is clear the California court relied on the "particularity" rationale, and did so properly.

In dismissing Petitioner's petition, the California Supreme Court cited specifically to page 304 of the *Swain* opinion. Slightly more than two sentences of the *Swain* opinion can be found on that page. In those sentences-the last of the opinion-the *Swain* court relied entirely on the particularity rationale as justification for its action dismissing the pending case. The court's specific citation to page 304 in this instance clearly reveals its intention to rely on *Swain'*s particularity rationale to deny Petitioner's application.

This conclusion is supported by a review of Petitioner's state habeas application. Petitioner made broad allegations as to the erroneously admitted testimony along with conclusory allegations of an "unfair trial." He failed to state with specificity any particular statements erroneously admitted or how such statements prejudiced his trial.

The nature of the California Supreme Court's action also confirms this conclu-sion. The court denied Petitioner's application without prejudice. Had the court relied on the untimeliness bar, dismissal without prejudice would have been inappropriate because untimeliness, unlike a lack of particularity, cannot be corrected. The dismissal without prejudice indicates Petitioner has not completely exhausted his available state remedies; he did not allow the state courts to consider the merits of his claim and, thus, his claim has not been fairly presented. *See Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir.1994).

When it dismissed Petitioner's state petition for lack of sufficient particularity, the California Supreme Court gave him an opportunity to amend his claims to conform to California's requirement that habeas claims be stated with particularity. Petitioner did not take the opportunity to amend his claims; we therefore hold his claims are unexhausted and federal habeas corpus review is inappropriate. *See Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The district court is AFFIRMED.

