**Roger Dail MCREYNOLDS,**
**Petitioner—Appellant,**

v.

**Ernest J. TRUJILLO; et al.,**
**Respondents—Appellees.**

No. 03–15816.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.[*]

Decided Nov. 20, 2003.

Roger Dail McReynolds, pro se, Safford, AZ, for Petitioner–Appellant.

Joseph T. Maziarz, DAG, AGAZ–Office of the Arizona Attorney General (Phoenix), Phoenix, AZ, for Respondent–Appellee.

Before: KOZINSKI, SILVERMAN and TALLMAN, Circuit Judges.

MEMORANDUM [**]

Arizona state prisoner Roger Dail McReynolds appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, challenging his conviction for burglary. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see James v. Pliler,* 269 F.3d 1124, 1125 (9th Cir.2001), and we affirm.

McReynolds contends that the district court erred when it concluded he failed to properly exhaust his claims by presenting them in a habeas corpus petition to the Arizona Supreme Court. We disagree.

A state prisoner must exhaust the available state remedies before a federal court may consider the merits of his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999). Exhaustion requires that a habeas petitioner present the substance of his claims to the state courts in order to give them a "fair opportunity to act" upon these claims. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). In order to exhaust in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief. *See* Ariz. R.Crim. P.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

32.1; *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.1994) (per curiam).

We agree with the district court that by presenting his claim in a petition for habeas corpus to the Arizona Supreme Court, rather than in a Rule 32 motion for post-conviction relief, McReynolds failed to exhaust available state remedies. *See Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (holding that raising a claim in a procedural context in which the merits would not be considered absent special and important reasons does not constitute fair presentation for purposes of exhaustion).[1]

**AFFIRMED.**

---

1. We do not reach the remaining issues in McReynold's Opening and Reply Briefs because they were not certified for appeal. *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam); 9th Cir. R. 22–1.

