**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK RALPH LAPENA, | No. 15-16154 |
| Petitioner-Appellant, | D.C. No.<br>2:00-cv-00960-RFB-NJK |
| v. | |
| GEORGE GRIGAS; ADAM PAUL LAXALT, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted May 16, 2018
San Francisco, California

Before: WALLACE, N.R. SMITH, and FRIEDLAND, Circuit Judges.

Frank LaPena appeals from the district court's denial of his petition for a

writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253, and we

affirm.[1]

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] We grant LaPena's Motion to Expand the Record on Appeal.

1. There was sufficient evidence to convict LaPena. "[A]fter viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Although Weakland was significantly impeached, he testified that LaPena hired him to kill Hilda Krause, and aspects of Weakland's testimony were corroborated by other witnesses: (1) one of LaPena's cellmates in prison testified that LaPena admitted he had hired Weakland to murder Hilda; (2) Weakland's former wife corroborated various aspects of the crime, including the fact that the jewelry stolen from the Krause residence appeared on her dresser the morning after Hilda was murdered; and (3) Weakland's accomplice in the robbery corroborated the planning, break in, and robbery of the Krause residence. Further, evidence regarding the manner of Hilda's death was not inconsistent with Weakland's testimony.

2. Assuming a freestanding innocence claim is viable, LaPena has failed to meet the burden to "affirmatively prove that he is probably innocent." *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014) (quotation marks and citation omitted). There is no "affirmative[]" evidence that LaPena is innocent. *Id.* The physical DNA evidence does not disprove that Weakland did what he said he did, nor that LaPena hired him to do it. Lastly, the jury had been presented with

2

extensive impeachment evidence regarding Weakland before it convicted LaPena. LaPena has failed to meet his burden to prove he is actually innocent.

3. LaPena has failed to prove he received ineffective assistance of counsel (IAC).[2] "To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). When both AEDPA review and *Strickland* review apply, both "highly deferential" standards apply "doubly so." *Id.* at 105 (quotation marks and citation omitted).

First, LaPena's trial counsel did not render IAC in his impeachment of Weakland. Under the § 2254(d) standard, even if trial counsel could have further impeached Weakland, we cannot say that LaPena's trial counsel rendered deficient representation by not further impeaching Weakland regarding *why* he un-recanted his testimony. *Harrington*, 562 U.S. at 105 (holding the standard is "whether there is *any reasonable argument* that counsel satisfied *Strickland*'s deferential standard" (emphasis added)). Weakland was significantly impeached, including with evidence that Weakland (1) had received a deal from the state to testify

---

[2] LaPena only raises four claims of IAC in his briefing before this court. Therefore, any other claims are waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

against LaPena, (2) had changed his story multiple times, (3) had been convicted of perjury, and (4) was considered a "psychopathic liar" by a psychologist. *State v. LaPena*, 968 P.2d 750, 755 (Nev. 1998).

Second, it was not unreasonable for the state court to conclude that LaPena did not receive IAC by his counsel's failure to procure the testimony of Costanza. All the evidence that Costanza would have presented was already before the jury through other witnesses, Constanza told the prosecution that "he had told the police all he knew years ago," and LaPena never obtained an affidavit from Costanza regarding *what* additional evidence Costanza could provide. *Id.* at 758-59.

Third, it was not unreasonable for the state court to conclude that LaPena did not receive IAC through his trial counsel's alleged failure to have LaPena testify in his own defense. The Nevada Supreme Court held that "LaPena made an informed, strategic choice not to testify in the second trial." *Id.* at 756. Notably, LaPena conceded at the state evidentiary hearing that he was aware he could testify and that his "testimony went poorly at his first trial." *Id.* LaPena also admitted that he discussed testifying with counsel, and his counsel maintained that he wished to "avoid the 'expected rigorous and thorough cross-examination,'" which could likely include testimony about another criminal prosecution. *Id.*

Finally, LaPena failed to adequately raise his argument that his trial counsel provided IAC by failing to explore and develop a connection between Weakland and Marvin Krause. LaPena raises this issue in his informal brief, but fails to muster any argument or factual basis for it. Therefore, the issue is abandoned. *Crime Justice & Am., Inc. v. Honea*, 876 F.3d 966, 978 (9th Cir. 2017) ("Issues raised in a brief which are not supported by argument are deemed abandoned." (citation omitted)).

4. LaPena fails to raise a constitutional violation in his allegation that the prosecution violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing various exculpatory evidence during the grand jury proceedings. There is no federal right to have exculpatory evidence presented before a grand jury, *United States v. Williams*, 504 U.S. 36, 55 (1992); therefore, such a claim cannot be grounds for a petition for habeas corpus.

5. LaPena failed to exhaust his confrontation claim and, even if we address the merits, he has failed to demonstrate prejudice. "A petitioner has not satisfied the exhaustion requirement unless he has fairly presented his claim to the highest state court." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (per curiam). LaPena's argument to the Nevada Supreme Court did not "fairly present[] his claim." *Id.* LaPena's opening brief at best only vaguely refers to a federal

constitutional question; his reply brief only cites a state case (which cited a federal case, regarding *bias*, not *propensity*). *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."). Even if we reach the merits of the question, LaPena was not prejudiced by the district court's decision to limit Weakland's cross examination. As noted *supra*, Weakland was significantly impeached, and further cross-examination regarding whether Weakland had a propensity to murder for pleasure does not change what Weakland testified to and others corroborated.

**AFFIRMED.**