Louis W. BROCK, Petitioner–Appellant,

v.

David B. WESTON, Superintendent, Special Commitment Center, Respondent–Appellee.

No. 92–36783.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 1994.

Decided Aug. 3, 1994.

---

888

Jonathan S. Solovy, Bell, O'Connor, Flegenheimer & Leong, Seattle, WA, for petitioner-appellant.

John Samson, Asst. Atty. Gen., Olympia, WA, for respondent-appellee.

Before: TANG, BOOCHEVER, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Louis W. Brock, currently confined pursuant to the Washington Sexually Violent Predators Act at the Special Commitment Center of the Washington State Penitentiary, appeals the district court's dismissal of his pro se 28 U.S.C. § 2254 habeas corpus petition for lack of subject matter jurisdiction.

In his petition, Brock challenges the constitutionality of his 1974 assault conviction. Although the sentence imposed for this conviction expired in 1984, Brock alleges that the state relied on the conviction, at least in part, in the proceedings resulting in his 1991 confinement as a "sexually violent predator."

The district court ruled that Brock was not "in custody" under § 2254 for the purpose of challenging his 1974 conviction because Brock had already finished serving the sentence imposed pursuant to that conviction. We disagree. Following *Feldman v. Perrill*, 902 F.2d 1445 (9th Cir.1990),[1] we construe Brock's petition as a challenge to his current confinement as predicated upon his prior expired conviction. Accordingly, we reverse and remand to the district court for further proceedings.[2]

I.

In 1974, Brock pled guilty to the offense of second degree assault, a violation of Section 9A.36.021 of the Revised Code of Washington. Brock was sentenced to a ten-year prison term for this offense. He was released from custody and placed on parole in 1981, and his sentence expired in 1984.

On March 22, 1991, Washington filed a petition for commitment alleging that Brock was a "sexually violent predator" within the meaning of the Washington Sexually Violent Predators Act, Wash.Rev.Code §§ 71.09.010–71.09.902 ("the Act").[3] On November 22,

---

1. We note that the Attorney General of the State of Washington makes no mention of *Feldman* in her brief on appeal, although it is the controlling case and was discussed extensively in appellant's opening brief. Counsel should be aware that the state, like all other parties, is expected to discuss the relevant cases in its briefs, including those that are adverse to its position.

2. We express no opinion regarding the other issues briefed by the parties. Since the respondent has not yet filed his answer to Brock's habeas petition, and the record of Brock's commitment proceedings has not been submitted to the district court, the parties' arguments are premature. On remand, of course, the parties may reassert these arguments.

3. As defined in the Act, a "sexually violent predator" is someone:
   who has been convicted of or charged with a crime of sexual violence and who suffers from

a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence.
Wash.Rev.Code § 71.09.020(1). In order for the Act to apply, the person must have committed at least one "sexually violent offense," defined as:
   (a) An act defined in Title 9A RCW as rape in the first degree, rape in the second degree by forcible compulsion, rape of a child in the first or second degree, statutory rape in the first or second degree, indecent liberties by forcible compulsion, indecent liberties against a child under age fourteen, incest against a child under age fourteen, or child molestation in the first or second degree; (b) a felony offense in effect at any time prior to July 1, 1990, that is comparable to a sexually violent offense as defined in (a) of this subsection, or any federal or out-of-state conviction for a felony offense that under the laws of this state would be a sexually violent offense as defined in this sub-

1991, a jury tried Brock *in absentia* and granted the state's petition.[4] The state trial court subsequently entered an Order of Commitment authorizing Brock's indefinite confinement.

On April 30, 1991, after Washington had filed its petition under the Act but before the jury trial, Brock filed a pro se personal restraint petition with the Washington State Court of Appeals challenging his 1974 second degree assault conviction. Brock claimed that his 1974 conviction was based on an involuntary and uninformed plea agreement which the State had breached by prosecuting and indefinitely incarcerating him as a sexually violent predator. The Washington State Court of Appeals dismissed this petition without leave to amend, ruling that Brock had not adequately identified the error underlying his conviction. The Washington Supreme Court then denied Brock's motion for discretionary review of this dismissal, although it noted that Brock would be able to bring another petition if a then-pending constitutional challenge to the Act was successful.[5]

Brock subsequently filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in federal district court, again challenging the constitutionality of his 1974 assault conviction. Without filing an answer, Respondent Weston moved to dismiss Brock's petition, arguing that Brock was not "in custody" under § 2254 for the purpose of challenging the 1974 conviction because he had completed the sentence imposed pursuant to that conviction. The district court agreed, and dismissed Brock's petition for lack of subject matter jurisdiction. Brock timely appeals that ruling.

## II.

### A.

█ Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons "in custody pursuant to the judgment of a State." *See also id.* § 2241(c)(3). The respondent asserts that, because Brock's 1974 sentence for assault has already expired, Brock is no longer in custody pursuant to his assault conviction and may not challenge its validity via a § 2254 petition.

Brock contends that he is still in custody under his 1974 assault conviction because his current confinement "constitutes an extension or continuation" of the sentence imposed pursuant to that conviction. Yet, while the Act's application is predicated upon the existence of one or more past criminal convictions, confinement under the Act is not simply an extension of an inmate's previous sentence: it has additional prerequisites and involves a separate jury trial. Even though Brock's current confinement may be based upon his 1974 conviction, among others, it was not imposed directly pursuant to that conviction.

As the Supreme Court has held, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook,* 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989). The sentence for Brock's 1974 assault conviction

section; (c) an act of murder in the first or second degree, burglary in the first degree, residential burglary, or unlawful imprisonment, which act, either at the time of sentencing for the offense or subsequently during civil commitment proceedings ... has been determined beyond a reasonable doubt to have been sexually motivated, as that term is defined in RCW 9.94A.030; or (d) an act ... that is an attempt, criminal solicitation, or criminal conspiracy to commit one of the felonies designated in (a), (b), or (c) of this subsection. Wash.Rev.Code § 71.09.020(4). If the State proves beyond a reasonable doubt that the detainee is a sexually violent predator, he will be committed to a facility "for control, care, and treatment" until he is "safe to be at large." Wash.Rev.Code § 71.09.060(1).

4. Neither party explains why Brock was tried *in absentia.* It is clear that he was in custody at the time of his trial.

5. That case, *In re Young,* 122 Wash.2d 1, 857 P.2d 989 (1993), has now been decided. Over three justices' dissent, the Washington Supreme Court ruled that the Act is civil in nature and does not violate substantive due process, the ex post facto clause or the prohibition against double jeopardy. *Id.* 857 P.2d at 1018.

expired in 1984. Therefore, he is no longer in custody under it for the purpose of a habeas petition.

## B.

■ Nonetheless, as we recently emphasized in ruling on a similar habeas challenge to an expired conviction, "[t]hat is not the end of the matter." *Feldman,* 902 F.2d at 1448. Rather than dismissing Brock's pro se petition, the district court should have liberally construed it as an attack on his 1974 conviction *in the context of* an attack on his commitment under the Act. In *Feldman,* where an expired conviction was allegedly relied upon to enhance a pending sentence, we did not dismiss the habeas corpus petition but instead ruled that we were "obliged" to construe the petition as an attack on the pending sentence. 902 F.2d at 1449. In doing so we followed the Supreme Court in *Maleng.* Although the *Maleng* Court "held that an expired conviction can never satisfy the 'in custody' requirement," *id.* at 1448, it found that the requirement was satisfied by the petitioner's current confinement, and it construed the petition as a challenge to the pending sentence *as enhanced by* the allegedly invalid expired conviction. *Maleng,* 490 U.S. at 494, 109 S.Ct. at 1927. *See also Lowery v. Young,* 887 F.2d 1309, 1311 (7th Cir.1989) (inmate's habeas petition challenged expired convictions but could be "reasonably interpret[ed]" as challenging confinement under enhanced sentence: "construing [the petition] as improperly filed makes little practical sense; requiring [inmate] to refile an identical petition would only serve to burden the court's and the parties' time and resources").

The Court recently reaffirmed *Maleng* in *Custis v. United States,* —— U.S. ——, ——, 114 S.Ct. 1732, 1739–41, 128 L.Ed.2d 517 (1994). In *Custis,* the Court concluded that Congress did not intend to permit collateral attacks on prior convictions during sentencing proceedings under the Armed Career

Criminal Act (ACCA). *Id.* at ——, 114 S.Ct. at 1735–37. The Court also rejected the defendant's argument that, regardless of Congress' intent, the Constitution required that such collateral attacks be allowed at sentencing, holding instead that the Constitution requires only that collateral attacks based on a failure to appoint counsel be heard at sentencing. *Id.* at ——, 114 S.Ct. at 1737–39. The Court's constitutional holding was, as its citation to *Maleng* evidences, clearly premised on the fact that collateral attacks based on other defects may be heard on habeas review. *Id.* at ——, 114 S.Ct. at 1739–41 (citing *Maleng*).[6]

The fact that this case involves confinement pursuant to the Act rather than confinement pursuant to an enhanced sentence does not affect our conclusion. Like criminal incarceration, involuntary commitment satisfies § 2254's custody requirement. *See Tyars v. Finner,* 709 F.2d 1274, 1279 (9th Cir.1983). Moreover, Brock's confinement is more closely related to the prior conviction than is incarceration pursuant to a sentence enhanced by a prior conviction. *See Lowery,* 887 F.2d at 1312 (constitutional challenge to enhanced sentence requires showing that there is a "positive and demonstrable nexus" between prior conviction and current custody); *Wilson v. Blabon,* 402 F.2d 963, 964–65 (9th Cir.1968) (upholding challenge to confinement as "mentally disordered sex offender" where predicate criminal conviction found unconstitutional). With an enhanced sentence, the prior conviction only lengthens the period of confinement; here, the prior conviction is a necessary predicate to the confinement. If anything, it is even more appropriate for a court to examine an expired conviction in the present circumstances than for it to do so in the context of an enhanced sentence.

## C.

The Supreme Court in *Maleng* left open the question of "the extent to which the

---

6. Thus, as the dissent emphasizes, the Court's holding does not disturb the "uniform appellate case law" holding that, on habeas, federal courts may review the constitutionality of prior convictions relied upon for sentencing enhancement.

*Id.* at —— n. 7, 114 S.Ct. at 1746 n. 7 (Souter, J., dissenting) (citing *Collins v. Hesse,* 957 F.2d 746, 748 (10th Cir.1992) (habeas challenge to expired conviction used to enhance sentence)).

[expired] conviction itself may be subject to challenge in the defense attack upon the [later] sentences which it was used to enhance." *Maleng,* 490 U.S. at 494, 109 S.Ct. at 1927. Thus, in the absence of a Supreme Court holding to the contrary, *Feldman* controls on this issue. In that case, we instructed the district court to determine whether the expired conviction had been used to enhance the later sentence and, if so, to resolve the petitioner's challenge to that conviction. A similar inquiry is appropriate here.

The district court is therefore instructed, if it reaches the merits,[7] to determine whether the expired conviction served as a predicate for Brock's current commitment. If so, it must resolve his challenge to that conviction.

## III.

We reverse the district court's dismissal of Brock's habeas petition and remand for further proceedings.

REVERSED and REMANDED.

---

**7.** Before addressing Brock's substantive claims, the district court should, of course, decide whether Brock has adequately exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).