[No. 14355-4-III.   Division Three.   January 9, 1996.]

*In the Matter of the Personal Restraint of* HERMAN ROSS PASCHKE, *Petitioner.*

*Cynthia A. Jordan*, for petitioner.

*Christine O. Gregoire, Attorney General,* and *Sarah J. Coats, Assistant,* for respondent.

THOMPSON, J. — Herman Ross Paschke seeks relief from personal restraint imposed following the superior court's determination he is a sexually violent predator. *See* RCW 71.09, Washington's sexually violent predators act. Mr. Paschke challenges the court's use of his prior convictions to support its determination. He contends those convictions are invalid because he pleaded guilty without knowing the State later would use them to support his confinement under the act. He also raises numerous other issues, including whether RCW 71.09 and the conditions of his confinement thereunder violate his constitutional rights to due process and equal protection.

Mr. Paschke's first adult convictions were in 1972 for

abduction and carnal knowledge. He pleaded guilty to both offenses. Mr. Paschke was paroled in December 1978. In August 1979, he pleaded guilty to rape in the second degree, based upon his attack on a 33-year-old woman in June of that year. He was sentenced to not less than 10 years on this latter conviction. Mr. Paschke was paroled in May 1987. Two years later, his parole was revoked when police determined his residence was the source of a series of obscene telephone calls made to various women, threatening sexual assault.

The last of Mr. Paschke's sentences expired on April 8, 1994. Instead of releasing him, the State filed a petition pursuant to RCW 71.09, the sexually violent predators act. The trial court found Mr. Paschke to be a sexually violent predator. He is currently confined at the Department of Social and Health Services' Special Commitment Center in Monroe, Washington. *See* Motion and Order Affirming Existence of Probable Cause and Directing the Custodial Detention and Evaluation of Respondent.

Mr. Paschke raises an issue not yet addressed by the Washington courts. RCW 71.09.020(1) provides that a "[s]exually violent predator" is "any person who has been convicted of or charged with a crime of sexual violence" and who suffers from a mental disorder making it likely he will engage in predatory behavior. Mr. Paschke's prior convictions for sex offenses were the results of guilty pleas. He seeks to collaterally attack those prior convictions, contending they cannot form the basis of a finding he is a "sexually violent predator" because he was not informed of that possibility at the time he entered his pleas.[1]

Another person committed pursuant to RCW 71.09 has

---

[1]In Mr. Paschke's reply to the State's response to his personal restraint petition, he argues:

Petitioner would not have accepted [the] plea bargains [which form the basis of his prior convictions] if he knew that those convictions would later be used to involuntarily civilly commit him for an indefinite period under RCW 71.09 . . . . A guilty plea must be voluntary and knowing and the promise must be fully fulfilled. The State[']s promise to a specific sentence [for the prior convictions] combined with the State[']s new charge against Petitioner that he is a

made the same argument, with success, in federal court. *Brock v. Weston*, 31 F.3d 887 (9th Cir. 1994). Louis Brock was confined pursuant to Washington's Sexually Violent Predators Act when he sought relief by habeas corpus. He challenged the constitutionality of his 1974 assault conviction which, although expired, the State relied upon in proceeding under the Act in 1991. Mr. Brock claimed "his 1974 conviction was based on an involuntary and uninformed plea agreement which the State had breached by prosecuting and indefinitely incarcerating him as a sexually violent predator." *Brock*, 31 F.3d at 889. The Ninth Circuit remanded to the federal district court "to determine whether the expired conviction served as a predicate for Brock's current commitment." *Brock*, 31 F.3d at 891. If the court determined it did, then "it must resolve [Mr. Brock's] challenge to that conviction." *Brock*, 31 F.3d at 891.

*Brock* relied upon two United States Supreme Court decisions and a prior Ninth Circuit opinion. *See Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994); *Maleng v. Cook*, 490 U.S. 488, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); *Feldman v. Perrill*, 902 F.2d 1445 (9th Cir. 1990). All of the cited precedent concerned whether inmates may challenge prior convictions used to enhance the penalties for current convictions. The challenges to the prior convictions involved questions of the defendants' competency to stand trial and the effectiveness of trial counsel.

█ Other precedent exists which is more closely analogous to the instant question. In *State v. Ward*, 123 Wn.2d

sexually violent predator[,] constitutes a breach of agreement and therefore [is] unconstitutional.

(Citations omitted.) The State, in its supplemental response, relies upon *In re Young*, 122 Wn.2d 1, 857 P.2d 989 (1993), in which the Supreme Court rejected various constitutional challenges to the act on the basis confinement thereunder is civil in nature. The court's characterization of RCW 71.09 as civil may be sufficient to defeat Mr. Paschke's argument that his prior guilty pleas were not knowing and voluntary. We nevertheless address it because other reasons, cited *infra*, support a holding the State, in proceeding under the Act, may utilize a sex offense conviction obtained by means of a guilty plea.

488, 512, 869 P.2d 1062 (1994), the court observed that a defendant need not be advised of all collateral consequences of his plea. *Ward*, 123 Wn.2d at 512. The distinction between collateral and direct consequences depends upon whether the consequence "represents a definite, immediate and largely automatic effect on the range of the defendant's punishment'." *Ward*, 123 Wn.2d at 512 (quoting *State v. Barton*, 93 Wn.2d 301, 305, 609 P.2d 1353 (1980) (quoting *Cuthrell v. Director, Patuxent Institution*, 475 F.2d 1364, 1366 (4th Cir.), *cert. denied*, 414 U.S. 1005 (1973))). A habitual criminal proceeding is one example of a collateral effect of pleading guilty. A determination a person is a habitual criminal is not automatically imposed when that person enters a guilty plea to a criminal charge. Rather, that determination requires a subsequent, independent trial in which the defendant has all the constitutional rights inherent in the right to trial by jury. Hence, a defendant need not be advised at the time of a plea as to the possibility of a habitual criminal proceeding. *Barton*, 93 Wn.2d at 305-06.

█ █ Here, confinement under the sexually violent predators act is not a definite, immediate, or automatic result of Mr. Paschke's guilty pleas to the prior sex offenses. *Cuthrell*, 475 F.2d 1364. It is comparable to the habitual criminal proceeding at issue in *Barton*. It is not automatically imposed on a defendant once he pleads guilty, nor does it automatically enhance his sentence. His status as a sexually violent predator is determined in a subsequent independent trial where he is afforded assistance of counsel, the right to a jury, and expert witnesses to testify in his behalf. RCW 71.09.050. Proof of his status must be shown beyond a reasonable doubt. RCW 71.09-.060(1).

For the reasons just stated, the possibility of future confinement as a sexually violent predator is only a collateral consequence of Mr. Paschke's pleading guilty to the

prior crimes. As such, the court was under no duty to advise him about that possibility when he pleaded guilty.[2]

■ Mr. Paschke next argues RCW 71.09 offends due process principles in multiple ways. He views his confinement thereunder as the equivalent of detention pursuant to a criminal conviction. He also asserts RCW 71.09 violates his right to equal protection. He reasons that confinement is based upon a suspect classification, i.e., a mental disorder, which requires the court to utilize strict scrutiny in determining the statute's constitutionality. Mr. Paschke believes the State's purpose to protect society by confining individuals who are sexually violent predators is not so compelling as to justify the invasion of his liberty interest. Finally, Mr. Paschke contends (1) the conditions at the Special Commitment Center are intolerable, (2) the indefiniteness of the confinement is not proportionate to the statutory purpose of protecting society, and (3) confinement in circumstances in which the offender is not amenable to treatment is untenable.[3]

■■ The Supreme Court has addressed similar contentions and decided against the positions taken by Mr. Paschke. *See In re Young*, 122 Wn.2d 1, 857 P.2d 989 (1993).

---

[2]The State argues Mr. Paschke's challenge to his prior convictions is untimely, citing RCW 10.73.090(1). Under that statute,

[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

It would appear Mr. Paschke's challenge is untimely only if it is viewed as a challenge to the restraint imposed in those prior convictions. Here, Mr. Paschke is seeking relief from restraint imposed as a result of the finding he is a sexually violent predator. While that finding was based, in part, on the prior convictions, the one-year time limit commences as of the date of the sexual predator finding.

[3]Mr. Paschke also contends the State has no compelling reason to treat sexual predators differently from persons with other mental disorders. The latter are confined pursuant to RCW 71.05. Mr. Paschke ignores the fact sexual predators, with their high recidivism, are more dangerous than persons with other disorders. Therefore, the State did not violate equal protection by proceeding under RCW 71.09 rather than RCW 71.05.

*Young*, 122 Wn.2d at 26, held that the State has a compelling interest in treating sexual predators and protecting society from their actions. The act accords substantive due process to a person the State seeks to involuntarily commit by requiring the State to prove beyond a reasonable doubt that the person has a mental disorder which makes him a danger to society if he is not confined. *Young*, 122 Wn.2d at 27 (citing RCW 71.09.020(1)). "Although the period of confinement is not predetermined, the [act's] release provisions provide the opportunity for periodic review of the committed individual's current mental condition and continuing dangerousness to the community." *Young*, 122 Wn.2d at 39. The act provides for treatment, RCW 71.09.080, and regulations promulgated pursuant to the act provide a wider range of privileges than in a prison setting. *Young*, 122 Wn.2d at 35. Facially, the act and its regulations suggest the conditions and duration of confinement are compatible with the purposes of the commitment. *Young*, 122 Wn.2d at 35.

In *Young*, the petitioners offered no evidence of the actual conditions of confinement. In his reply to the State's response to his personal restraint petition, Mr. Paschke cites a decision of the federal district court in western Washington ordering the superintendent of the Special Commitment Center, where Mr. Paschke is confined, to bring the Center into compliance with prevailing professional standards in comparable programs. *See Turay v. Weston*, No. C91-664WD (W.D. Wash. June 6, 1994) (Order and Injunction). The report of the special master appointed by the district court to insure compliance with its order indicates the Center is taking reasonable steps in this direction. *See Turay v. Weston*, No. C91-664WD (W.D. Wash. February 13, 1995) (Second Report of Special Master). Any order from this court dealing with conditions of confinement at the Center would be duplicative of the district court's order. Mr. Paschke may raise this issue

again if the Center does not comply with the earlier order.[4]

Mr. Paschke also cites specific policies of the Center which he believes interfere with his right to procedural due process. For example, he alleges the policies do not provide for a hearing before a resident is confined to his room, and permit room searches without notice to the confined person. Further, he asserts the residents of the Center have inadequate access to a law library. Because they share the library at the adjacent Twin Rivers Correctional Facility, residents are limited to seven hours' use per week.

■ Mr. Paschke cites no authority for his argument that a treatment center for the involuntarily committed sexual predator is constitutionally required to provide notice and/or a hearing in the instances about which he complains. Obviously, such persons do not have the same rights to notice, a hearing, and Fourth Amendment protections as an ordinary citizen. *In re Plunkett*, 57 Wn. App. 230, 235, 788 P.2d 1090 (1990). The Center has a duty to provide a safe environment for its confinees. To do so, it must have the authority to take immediate action to search or confine persons. Furthermore, the Center's policies are narrowly drawn so as to cause the least interference with the confined person's civil rights. In these circumstances, there is no violation of due process or equal protection.

■ Nor do the facts alleged by Mr. Paschke support a conclusion the Center failed to provide him adequate access to a law library. Residents are entitled to access necessary to research the law; they are not entitled to unlimited access. *Shango v. Jurich*, 965 F.2d 289, 292 (7th Cir. 1992). On its face, seven hours a week in the library is

---

[4]Mr. Paschke also directs the court's attention to the decision of the superior court in a King County action under the act, ordering compliance with the federal district court order. *See In re Campbell*, No. 93-2-14348-1 (King County Superior Court November 7, 1994) (Findings of Fact, Conclusion of Law and Order on Respondent's Motion to Dismiss Based on Unconstitutional Conditions of Confinement at Special Commitment Center).

adequate. Mr. Paschke has not provided any facts which would support a contrary finding.

Finally, Mr. Paschke argues the State unconstitutionally detained him in the Spokane County Jail and refused him bail pending sexual predator proceedings. These arguments are not properly raised in his personal restraint petition. The nature of past confinement is not the issue. The issue is whether his present confinement is lawful.

■ In summary, we hold the State properly relied upon Mr. Paschke's prior guilty plea to support the determination of his status as a sexual predator. Other constitutional issues raised by Mr. Paschke have been disapproved by the Supreme Court in *Young*, 122 Wn.2d 1. We are bound by that decision.[5]

The personal restraint petition is denied.

SWEENEY, C.J., and SCHULTHEIS, J., concur.

---

[5]The federal district court for the Western District of Washington granted Mr. Young's petition for a writ of habeas corpus, finding the sexually violent predators act unconstitutional. *See Young v. Weston*, No. C94-480C (W.D. Wash. August 25, 1995) (Order on Cross Motions for Summary Judgment). The district court's determination is not binding on Washington courts. *See In re Grisby*, 121 Wn.2d 419, 430, 853 P.2d 901 (1993).