87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shirzadi KASHANNEJAD, Petitioner-Appellant,
v.
Michael T. PICKETT, Warden; Attorney General of the State
of California, Respondents-Appellees.
 Nos. 95-56286, 95-56288.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 18, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shirzadi Kashannejad, a California state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 habeas corpus petition. In his habeas petition, Kashannejad challenged his 1987 misdemeanor conviction for receiving stolen property on the grounds that he was denied the effective assistance of counsel and the right to appeal. When he filed his habeas petition on June 8, 1994, however, he no longer was in custody for the 1987 conviction, but was serving the sentence for a November 1993 conviction for burglary and grand theft. See 28 U.S.C. § 2254(a) (habeas petitioner must be "in custody pursuant to the judgment of a State court").
 
 
 3
 Kashannejad contended in the district court that he nonetheless met the custody requirement for the 1987 conviction either (1) because the sentence for the 1993 conviction was enhanced by a 1988 conviction for burglary and petty theft, which was enhanced by the 1987 conviction, or (2) because on June 8, 1994, he still was in custody as to the 1988 conviction. This contention lacks merit. See Maleng v. Cook, 490 U.S. 488, 492 (1989) ("once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it"). We also affirm the district court's decision not to construe the habeas petition as a claim that either the sentence for the 1988 conviction or the sentence for the 1993 conviction was improperly enhanced by the 1987 conviction. See Brock v. Weston, 31 F.3d 887, 889 (9th Cir.1994) (district court must construe petition challenging expired conviction as attack on pending sentence if it reasonably could be interpreted as such).
 
 
 4
 AFFIRMED.
 
 
 
 *
 Appellant's motion to consolidate Nos. 95-56286 and 95-56288 is granted. The briefs filed in No. 95-56288 are ordered filed in No. 95-56286 as well. We unanimously find these cases suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3