97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre Brigham YOUNG, Plaintiff-Appellant,
v.
Irwin S. DREIBLATT, individually and in his official
capacity; Savio Chan, Defendants-Appellees.
 No. 94-35808.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Brigham Young, a former Washington inmate who is civilly confined pursuant to the Washington Sexually Violent Predators Act, Wash.Rev.Code §§ 71.09.010-71.09.902 ("the Act"), appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action seeking compensatory, declaratory, and injunctive relief against the psychiatrists who recommended his civil confinement as well as an expungement of false information from his prison record. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal of an action for failure to state a claim, Everest and Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994), and we affirm in part, reverse in part, and remand.
 
 The Supreme Court has held
 
 3
 that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issues of a writ of habeas corpus.
 
 
 4
 Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994) (footnote and citation omitted). We have held that challenges to civil confinement under the Act are properly brought as part of a habeas proceeding. Brock v. Weston, 31 F.3d 887, 889-90 (9th Cir.1994). Accordingly, insofar as Young sought compensatory, declaratory and injunctive relief against the psychiatrists for their allegedly retaliatory actions in recommending his continued civil confinement under the Act in a section 1983 action, and failed to show that his civil confinement had been invalidated, the district court did not err by concluding that Young had failed to state a claim. See Heck, 114 S.Ct. at 2372; Brock, 31 F.3d at 889-90.[1]
 
 
 5
 Young also contends that the district court erred by dismissing his claims that he had a due process right to have false information expunged from his prison record. Because the removal of false information from Young's prison record would not necessarily establish the invalidity of Young's civil confinement, the district court improperly dismissed this claim. See Heck, 114 S.Ct. at 2372 ("if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed") (footnote omitted).
 
 
 6
 We previously held that "Washington law provides a liberty interest in accurate prison record information." Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir.1987) (citation omitted). Since we decided Hernandez, however, the Supreme Court has announced a new test for determining whether a state has created a liberty interest under the Due Process Clause. Sandin v. Conner, 115 S.Ct. 2293, 2300-01 (1995); accord Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir.1996). Here, we do not have a sufficiently developed record to determine whether the state of Washington has created a liberty interest in accurate prison records. See Gotcher v. Wood, 66 F.3d 1097, 1101 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996) (No. 95-1385). Accordingly, we reverse the district court's dismissal of Young's due process claim seeking expungement of false information from his prison record and remand so that the district court can determine whether Young has a liberty interest, see Keenan, 83 F.3d at 1089, and whether Young has followed the appropriate state procedures to expunge his prison record, see Hernandez, 833 F.2d at 1318-19.
 
 
 7
 Each party shall bear its own costs on appeal.
 
 
 8
 AFFIRMED in part, REVERSED in part, and REMANDED.[2]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Young's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We conclude that the district court did not err by dismissing Young's section 1983 claims without prejudice instead of continuing to stay the action until Young's habeas proceedings were concluded. See Heck, 114 S.Ct. at 2372 (stating that where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ...[,] the complaint must be dismissed")
 
 
 [2]
 We express no opinion as to whether Young has named the correct defendants for a due process claim seeking an expungement of his prison record or whether the named defendants were acting under color of state law within the meaning of section 1983. Because a pro se litigant should be provided with notice of the deficiencies of the complaint and granted an opportunity to amend to cure those deficiencies, see McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987), these questions are most appropriately addressed in the first instance by the district court