99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry W. ALBRIGHT, Petitioner, Appellant,
v.
Marlin D. HOLDEN, Respondent-Appellee.
 No. 96-35130.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 15, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry W. Albright, a Washington state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1988 conviction for second degree statutory rape. Albright contends that the district court erred by finding his claims procedurally barred. We affirm the district court's judgment because when Albright filed his habeas petition on February 15, 1995, he already had finished serving his sentence and was in custody on a 1992 conviction rather than his 1988 conviction. See 28 U.S.C. § 2254(a) (custody requirement); Maleng v. Cook, 490 U.S. 488, 492 (1989) ("once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."). Because Albright filed another habeas petition challenging his 1992 conviction, the district court did not err by failing to construe Albright's claims as an attack on his 1992 sentence as enhanced by the 1988 conviction. See Brock v. Weston, 31 F.3d 887, 889 (9th Cir.1994) (district court must construe petition challenging expired conviction as attack on pending sentence if it reasonably could be interpreted as such).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the dismissal of the petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal