113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory GRUENWALD, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF the STATE OF CALIFORNIA, Respondent-Appellee.
 No. 96-16277.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Gruenwald, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1979 state conviction for sale of marijuana, which was used to enhance his federal sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.
 
 
 3
 Gruenwald contends that the district court erred by dismissing his petition. This contention lacks merit.
 
 
 4
 We review questions of jurisdiction de novo. See United States v. Matta-Ballesteros, 71 F.3d 754, 762 (9th Cir.1995). Subject matter jurisdiction under 28 U.S.C. § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 492 (1989). Where, however, a petitioner attacks the validity of an expired conviction used to enhance a current sentence, we are obliged to construe the petition as an attack on the current sentence as enhanced by the expired conviction. See Maleng, 490 U.S. at 493-94; Brock v. Weston, 31 F.3d 887, 889 (9th Cir.1994) (district court must construe petition challenging expired conviction as attack on pending sentence).
 
 
 5
 In a section 2255 proceeding "there is no constitutional right to collaterally challenge the constitutionality of a prior [state] conviction for any reason other than deprivation of the Gideon right to counsel." Clawson v. United States, 52 F.3d 806, 809 (9th Cir.) (relying on Custis v. United States, 114 S.Ct. 1732, 1739-41 (1994)), cert. denied, 116 S.Ct. 254 (1995). Here, Gruenwald challenged an expired 1979 state conviction which was used to enhance his current federal sentence. Gruenwald challenged the 1979 conviction on the basis that the sentencing judge failed to inform him of a mandatory parole term. It is apparent from the record that Gruenwald was represented by counsel.[1]
 
 
 6
 We construe Gruenwald's attack on his 1979 conviction as a challenge to his current sentence as enhanced by the 1979 conviction. See Maleng, 490 U.S. at 493-94; Brock, 31 F.3d at 889. So construed, we deny the petition because in this case, Gruenwald has "no constitutional right to collaterally challenge the constitutionality of a prior conviction for any reason other than deprivation of the right to counsel." See Clawson, 52 F.3d at 809.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court summarily dismissed Gruenwald's petition holding that Gruenwald was not "in custody" because his sentence had expired. See Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995), cert. denied, 116 S.Ct. 718 (1996) (noting that this court may affirm on any grounds supported by the record)