119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Donald STEWART, Defendant-Appellant.
 No. 95-35101.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1997
Decided July 25, 1997.
 
 Appeal from the United States District Court for the District of Oregon Owen M. Panner, Senior District Judge, Presiding.
 Before FERGUSON, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stewart appeals the district court's refusal to hold an evidentiary hearing and denial of his motion for reconsideration of his petition, under 28 U.S.C. § 2255, to vacate his sentence, arguing that he received ineffective assistance of counsel during his sentencing proceeding because he told counsel that he manufactured L-methamphetamine; counsel said that he would take care of the matter; however, counsel never objected to the fact that Stewart was sentenced under the guideline for D-methamphetamine rather than the one for L-methamphetamine. We cannot agree that the district court abused its discretion in denying an evidentiary hearing.
 
 
 3
 Stewart offered his own declaration in support of his motion to reconsider, but it affords no basis for an evidentiary hearing. Stewart says that he told counsel that the methamphetamine he had contact with was L-methamphetamine (without indicating that he told him this before sentencing), but Stewart's declaration does not state that the methamphetamine he was involved with was L-methamphetamine. Nor is there any other evidence in the record to suggest that the methamphetamine Stewart manufactured was, in fact, of the L-type. Thus, there is nothing to resolve at an evidentiary hearing and no error in failing to hold one. Absent any reasonable probability that the drug was actually L-methamphetamine, there is no basis for finding ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 5
 I dissent. Stewart should have been granted an evidentiary hearing. Manufacturing L-methamphetamine carried a significantly lesser sentence than D-methamphetamine at the time Stewart was sentenced. In his present § 2255 motion, Stewart must only raise a material question as to whether the government could have proved that the methamphetamine was D-methamphetamine in order to receive an evidentiary hearing. The fact that he did not explain in his § 2255 motion more specifically when, where, and how he informed his attorney that he was producing L rather than D-methamphetamine does not preclude this court from concluding that he has raised genuine issues as to whether counsel's conduct was constitutionally deficient. Pro se habeas petitions must be liberally construed. Brock v. Weston, 31 F.3d 887, 890 (9th Cir.1994). The majority's decision imposes hyper-technical requirements upon pro se petitioners and requires them to be specific in their habeas petitions to the point of unreasonableness despite settled law to the contrary. Construing pro se petitions like Stewart's liberally is especially important in light: of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), which limits petitioners' ability to file successive habeas petitions.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3