Brian K. ENTENDENCIA, Petitioner,

v.

Joseph GRABTREE, Warden,
Respondent.

Brian K. ENTENDENCIA, Petitioner,

v.

Joseph GRABTREE, Warden,
Respondent.

Nos. 97–00285 DAE, 97–00286 DAE.

United States District Court,
D. Hawai'i.

Oct. 15, 1997.

Brian K. Entendencia, Sheridan, OR, pro se.

Lisa M. Itomura, Office of Atty. General–State of Hawaii, Honolulu, HI, for Respondent.

*ORDER DENYING MOTION TO AMEND OR VACATE SENTENCE*

DAVID ALAN EZRA, District Judge.

The Petitioner, BRIAN K. ENTENDENCIA, is a prisoner in federal custody at the

Federal Correctional Institute ("FCI") in Sheridan, Oregon. On April 21, 1997, Petitioner filed an "Amended Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody" ("Amended Petition I"), challenging an April 10, 1978, state court conviction. *See* Civil No. 97–00285 ACK. On this same date Petitioner also filed a second "Amended Petition for Writ of Habeas Corpus" ("Amended Petition II"), challenging a March 16, 1978 state court conviction. *See* Civil No. 97–00286 ACK. On October 2, 1997, Respondent the State of Hawai'i timely answered both Petitions.

On October 9, 1997, the court consolidated the actions and reassigned them to this Court. *See* October 9, 1997 *Order Consolidating and Reassigning Cases.* On October 10, 1997, Respondent filed supplemental exhibits to the answer to the petition. For the following reasons, the court now CONSTRUES THE PETITIONS AS HAVING BEEN BROUGHT PURSUANT TO 28 U.S.C. § 2255; and DENIES the Petitions.

### PROCEDURAL HISTORY AND FACTS

The following is a chronology of the relevant dates and events for Amended Petition I, CIV. NO. 97–00285:

| | |
|---|---|
| April 10, 1978 | Petitioner, represented by attorney Curtis Narimatsu, pled guilty to Burglary in the Second Degree in Cr. No. 5565 and Theft in the First Degree and Promoting a Detrimental Drug in the Third Degree in Cr. No. 5533 pursuant to a plea agreement with Deputy Prosecutor Jon Ono, who then dismissed a charge of Burglary in the First Degree. Affidavit of Curtis Narimatsu; Respondent's Exhibits A and B. Petitioner was sentenced that same day to a maximum indeterminate term of five years imprisonment each for Burglary in the Second Degree and for Theft in the First Degree, to be served concurrently, with a term of sixty days jail suspended for Promoting a Detrimental Drug in the Third Degree. Respondent's Exhibits A & B. |

| | |
|---|---|
| May 10, 1978 | The 30–day period for Petitioner to file a Notice of Appeal in Cr. Nos. 5533 and 5565 expired. Hawai'i Rules of Appellate Procedure Rule 4(b). |
| November 10, 1988 | Petitioner was indicted by a Federal grand jury for a bank robbery that occurred on October 21, 1988 under CR. NO. 88–01591 DAE. Respondent's Exhibit C. |
| December 29, 1988 | Petitioner pled guilty in CR. NO. 88–01591 DAE, pursuant to a plea agreement with the U.S. Attorney's Office. Respondent's Exhibit D. |
| March 20, 1989 | Petitioner, represented by Federal Public Defender Lani Garcia, was sentenced to 20 years imprisonment in CR. NO. 88–01591 DAE. Respondent's Exhibit E. |
| March 30, 1989 | Petitioner filed a Notice of Appeal in CR. NO. 88–01591 DAE. Respondent's Exhibit F. |
| June 22, 1990 | The Ninth Circuit Court of Appeals affirmed Petitioner's sentence in CR. NO. 88–01591 DAE. Respondent's Exhibit G. |
| October 29, 1990 | Petitioner filed a Motion To Vacate, Set Aside or Correct Sentence in CR. NO. 88–01591 DAE. Respondent's Exhibit H. |
| December 6, 1990 | Petitioner's Motion To Vacate, Set Aside or Correct Sentence in CR. NO. 88–01591 was denied. Respondent's Exhibit I. Judgment was entered December 14, 1990. Respondent's Exhibit J. |
| February 19, 1993 | Petitioner filed a Petition for Post–Conviction Relief in Cr. No. 5533 and 5565 in state court under Hawaii Rules of Penal Procedure Rule 40. Respondent's Exhibit K. |
| February 1, 1994 | Petitioner filed a Writ of Mandamus with the Hawai'i Supreme Court, asking that it order the Circuit Court of the Third Circuit to hear his Rule 40 Petition. Respondent's Exhibit L. |
| February 9, 1994 | The Hawaii Supreme Court denied Petitioner's Writ of Mandamus. Respondent's Exhibit M. |
| August 21, 1996 | The Circuit Court of the Third Circuit denied Petitioner's Rule 40 Petition. Respondent's Exhibits N and P. |

The following is a chronology of the relevant dates and events for Amended Petition II, CIV. NO. 97–00286:

| | |
|---|---|
| March 16, 1978 | Petitioner was indicted for Burglary in the First Degree, Theft in the First Degree (two counts), and Forgery in the Second Degree under Cr. No. 5200. Respondent's Exhibit 4. A Warrant of Arrest was issued for Petitioner. Respondent's Exhibit 5. |

| | |
|---|---|
| March 28, 1978 | Petitioner was arrested on the indictment in Cr. No. 5200. Respondent's Exhibit 6. |
| April 5, 1978 | Petitioner, accompanied by his attorney Chris Peterson, pled guilty to Burglary in the First Degree and one count of Theft in the First Degree pursuant to a plea agreement. The other charges were to be dismissed by the State. Respondent's Exhibits 2, 7, 8, and 9. |
| June 7, 1978 | Petitioner was sentenced to a maximum indeterminate term of ten years imprisonment for Burglary in the First Degree and five years imprisonment for Forgery in the Second Degree, to be served concurrently to each other, and concurrently to Petitioner's sentences in Cr. Nos. 5565 and 5533. The State filed a Motion for Nolle Prosequi one count of Theft in the First Degree and Forgery in the Second Degree in Cr. No. 5200. Respondent's Exhibits 9 & 10. |
| July 7, 1978 | The 30–day period for Petitioner to file a Notice of Appeal in Cr. No. 5200 expired. Hawaii Rules of Appellate Procedure Rule 4(b) |
| November 10, 1988 | Petitioner was indicted by a Federal grand jury for a bank robbery that occurred on October 21, 1988 under CR. NO. 88–01591 DAE. Respondent's Exhibit 20. |
| December 29, 1988 | Petitioner pled guilty in CR. NO. 88–01591 DAE pursuant to a plea agreement with the U.S. Attorney's Respondent's Exhibit 21. |
| March 20, 1989 | Petitioner, represented by Federal Public Defender Lani Garcia, was sentenced to 20 years imprisonment in CR. NO. 88–01591 DAE. Respondent's Exhibit 22. |
| March 30, 1989 | Petitioner filed a Notice of Appeal in CR. No. 88–10591 DAE. Respondent's Exhibit 23. |
| June 22, 1990 | The Ninth Circuit Court of Appeals affirmed Petitioner's sentence in CR. NO. 88–01591 DAE. Respondent's Exhibit 24. |
| October 29, 1990 | Petitioner filed a Motion To Vacate, Set Aside or Correct Sentence in CR. NO. 88–01591 DAE. Respondent's Exhibit 25. |
| December 6, 1990 | The Motion To Vacate, Set Aside or Correct Sentence in CR. NO. 88–01591 was denied. Respondent's Exhibit 26. Judgment entered December 14, 1990. Respondent's Exhibit 27. |
| February 17, 1993 | Petitioner filed a Petition for Post-Conviction Relief in Cr. No. 5200 in state court under Hawai'i Rules of Penal Procedure Rule 40. Respondent's Exhibit 11. |
| March 18, 1993 | The State filed its response to Petitioner's Rule 40 Petition. Respondent's Exhibit 12. Petitioner filed a "Traverse" to the State's response to his Rule 40 Petition. Respondent's Exhibit 13. |
| May 24, 1993 | The order denying Petitioner's Rule 40 Petition in Cr. No. 5200 was filed. Respondent's Exhibit 14. |
| June 4, 1993 | Petitioner filed a Notice of Appeal on the denial of his Rule 40 Petition in Cr. No. 5200. Respondent's Exhibit 15. |
| June 9, 1993 | Benjamin Acob was appointed as Petitioner's counsel for the appeal. Respondent's Exhibit 16. |
| August 23, 1993 | Petitioner filed his Opening Brief. Respondent's Exhibit 17. The State then filed its Answering Brief. Respondent's Exhibit 18. The case was assigned to the Intermediate Court of Appeals for decision. Respondent's Exhibit 19. |
| February 26, 1995 | The Intermediate Court of Appeals affirmed the denial of Petitioner's Rule 40 Petition. Respondent's Exhibit 7. |
| September 3, 1996 | An Order Denying Petitioner's Application for Writ of Certiorari was issued by the Hawaii Supreme Court. Respondent's Exhibit 1. |

## DISCUSSION

Petitioner's state sentences, Cr. No. 5200, Cr. No. 5565, and Cr. No. 5533, which are the object of the instant petitions, have expired. Petitioner is currently a federal prisoner, serving twenty years imprisonment for bank robbery. His federal conviction and sentence have been affirmed on appeal. *See United States v. Entendencia*, No. 89–10159, 1990 WL 85416 (9th Cir. June 22, 1991) (mem.op.), Respondent's Exhibits G and 24. Petitioner's federal sentence was enhanced by the earlier, expired state convictions, when this Court found that Petitioner was a career offender pursuant to the federal sentencing guidelines and sentenced Petitioner accordingly. *See* March 30, 1989 Transcript of Proceedings at ¶ 19–28, 36–38, Respondent's Exhibit 28. Petitioner now attempts to challenge his expired state convictions by way of federal petitions for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner apparently believes that a successful challenge to his expired state convictions will serve to revoke the enhancement applied to his federal sentence.

I.  Construing the Petitions as brought Pursuant to 28 U.S.C. § 2255

■ A district court may entertain a petition for writ of habeas corpus pursuant 28 U.S.C. § 2254, only where the person is *"in custody* in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254 (emphasis added); *Rose v. Hodges*, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). This is a jurisdictional requirement. *See Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968). Petitioner is no longer in custody for purposes of review of his 1978 state convictions.

■ However, a petitioner may challenge in habeas the validity of an expired conviction, where that conviction has been used to enhance his current confinement or sentence, even if he is no longer in custody for the prior conviction. *Maleng v. Cook*, 490 U.S. 488, 493–94, 109 S.Ct. 1923, 1926–27, 104 L.Ed.2d 540 (1989); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir.1994). Such a challenge must be construed as an attack on the petitioner's current confinement or sentence. *Id.* In this instance, a challenge to Petitioner's 1978 state convictions must be construed as an attack on his current federal sentence. *See Feldman v. Perrill*, 902 F.2d 1445, 1448–49 (9th Cir.1990). Thus, this Court CONSTRUES the petitions as brought pursuant to 28 U.S.C. § 2255.

II. Petitioner's Legal Claims

■ Construing the petitions as a motion under Section 2255, Petitioner runs into several insurmountable barriers. First, in 1996 congress passed the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (the "AEDPA"), which curtailed the scope and availability of federal habeas corpus. The limitations enacted pursuant to the AEDPA serve to bar these Petitions.[1]

Petitioner has already brought a 2255 petition challenging his present federal sentence, which was denied by this Court, upon the merits. *See* Respondent's Exhibits H and I. Petitioner claimed his guilty plea was made without his full understanding and agreement, that the court breached the plea agreement by failing to grant a two-level reduction for acceptance of responsibility, and that he was denied effective assistance of counsel. This Court, in a written opinion, rejected Petitioner's arguments, finding that the guilty plea was knowing and voluntary, and that Petitioner's attorney provided effective assistance of counsel. *See* Respondent's Exhibit I at 11.

■ To bring a second or successive motion under 2255, Petitioner must get certification from a three-judge panel from the Ninth Circuit Court of Appeals allowing him to do so. To obtain this certification Petitioner must show:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Nowhere within the instant Petitions does Petitioner show that he has either attempted to secure certification from the Ninth Circuit, or that either of the two predicates to that certification are present. Moreover, after a complete and careful review of the record, it is clear that Petitioner is unable to meet either of these conditions.

■ Second, "there is no constitutional right to collaterally challenge the constitutionality of a prior conviction for any reason other than deprivation of the *Gideon [v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) ] right to counsel." *Claw-*

1. Respondent argues that the Petitions are barred by the AEDPA's one-year period of limitation. See 28 U.S.C. § 2255. The court rejects this argument, as the Ninth Circuit holds that the AEDPA's applicable one-year period does not begin to run "against any state prisoner prior to the statute's date of the enactment.... No petition filed on or before April 23, 1997—one year from the date of AEDPA's enactment—may be dismissed for failure to comply with section 101's time limit." *Calderon v. United States Dist. Court for Central Dist. Of Cal.*, 112 F.3d 386, 388–92 (9th Cir.1997) *see also Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996) *rev'd on other grounds*, —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Reyes v. Keane*, 90 F.3d 676, 679 (2d Cir.1996); *United States v. Lopez*, 100 F.3d 113, 116–17 (10th Cir.1996) (same for § 2255 actions). Petitioner originally filed the petitions on April 1, 1997, and amended them on April 21, 1997, both dates within the Ninth Circuit's "grace period."

*son v. United States,* 52 F.3d 806, 809 (9th Cir.1995) (relying on *Custis v. United States,* 511 U.S. 485, 497–502, 114 S.Ct. 1732, 1739–42, 128 L.Ed.2d 517 (1994)). Therefore, a defendant may not challenge a prior state conviction used to enhance a federal sentence, on grounds other than a complete denial of his right to counsel, in a § 2255 motion.

■ The record before this Court clearly reveals that Petitioner was represented by counsel in both of his state court criminal proceedings. In Cr. Nos. 5565 and 5533, Petitioner was represented by attorney Curtis Narimatsu. *See* Respondent's Exhibit R. Indeed, upon review of Petitioner's Rule 40 petition the state court held that Petitioner's claim of ineffective assistance of counsel in that case was "patently frivolous and without a trace of support in the record and the petition," and summarily denied the Rule 40 petition. *See* Respondent's Exhibit P. Thus, not only did Petitioner have an attorney for this state court proceeding, satisfying the requirements of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (holding that the Sixth Amendment requires that an indigent defendant in state court proceedings have appointed counsel), but Petitioner's counsel was also deemed effective. Apparently, Petitioner did not appeal this Rule 40 denial.

In Cr. No. 5200, Petitioner was represented by attorney Chris Peterson. *See* Respondent's Exhibit 2. Petitioner also filed a Rule 40 petition in this case, which was denied on May 24, 1993. *See* Respondent's Exhibit 14. Upon appeal of the denial of this Rule 40 petition, the state court appointed attorney Benjamin Acob to represent Petitioner. The Intermediate Court of Appeals ("ICA") affirmed the denial of this Rule 40 petition on February 26, 1995, and the Supreme Court of the State of Hawai'i declined to grant certiorari. Respondent's Exhibits 7 and 1. In the ICA opinion the court specifically found that Petitioner had received effective assistance of counsel, again, negating any possible implication that Petitioner's *Gideon* right to counsel was violated.

Thus, based upon the foregoing analysis, the court DENIES the Petitions.

IT IS SO ORDERED.