**Sam W. DONAGHE, Plaintiff—Appellant,**

v.

**Vincent GOLLOGLY; et al., Defendants—Appellees.**

No. 02–35697.

D.C. No. CV–01–05384–RJB.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Sam W. Donaghe, a pretrial detainee at Washington's Special Commitment Center ("SCC"), appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that his SCC records contain inaccurate and unverified information, and that this erroneous information has been used to establish probable cause for his involuntary detention as a sexually violent predator. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and affirm.

The district court correctly granted summary judgment for the defendants because a favorable judgment on Donaghe's section 1983 claims would necessarily imply the invalidity of his detention. *See Butterfield v. Bail,* 120 F.3d 1023, 1025 (9th Cir.1997) (plaintiff's section 1983 action must be dismissed when it "necessarily implicates the validity of his continuing confinement"). Donaghe must present these claims in his state court civil commitment proceedings and, if necessary, through a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

We reject Donaghe's contention that *Heck* does not apply to him because he is not a prisoner serving a sentence for a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

criminal conviction. *See Brock v. Weston,* 31 F.3d 887, 889–90 (9th Cir.1994) (involuntary commitment under Wash. Rev.Code § 71.09 satisfies "in custody" requirement of federal habeas corpus statute). Nevertheless, we construe the district court's judgment to be without prejudice to Donaghe filing a new section 1983 action should he succeed in invalidating his detention. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) (per curiam).

Moreover, the district court did not abuse its discretion or violate Donaghe's due process rights by staying discovery pending its ruling on defendants' summary judgment motion. The applicability of *Heck* was a dispositive legal question and further discovery would not have precluded summary judgment in favor of defendants. *See Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988) (affirming stay of discovery and stating that district court's discovery "rulings will not be overturned unless there is a clear abuse of discretion").[1]

Donaghe's remaining contentions lack merit.

**AFFIRMED.**

---

1. Donaghe's request for judicial notice of deposition transcripts, filed on February 18, 2003, is denied. *See* Fed.R.Evid. 201(b)(2) (judicially noticed fact must be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").