

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2005

# Banda v. New Jersey

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1043

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Banda v. New Jersey" (2005). *2005 Decisions.* Paper 1055.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1055

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-237                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1043
_____

JOHN M. BANDA,
                    Appellant

v.

STATE OF NEW JERSEY; ATTORNEY GENERAL OF NEW JERSEY;
MARK SINGER, DEPUTY ATTORNEY GENERAL;
SERENA PERRETTI, JUDGE;
JAMES MCGREEVEY; FORMER N.J. GOVERNOR

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-05632)
District Judge:  Honorable Anne E. Thompson

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 12, 2005

BEFORE:  RENDELL, FISHER and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: June 7, 2005)

_____

OPINION
_____

PER CURIAM

    John Banda appeals the order of the United States District Court for the District of

New Jersey dismissing his civil rights action.  Banda is currently a resident of the Special

Treatment Unit at Avenel, New Jersey. He filed a complaint pursuant to 42 U.S.C. § 1983 against the State of New Jersey, the state attorney general, a state court judge, and the former governor. In his complaint, Banda alleged that the defendants violated his constitutional rights when they abused their authority and unlawfully caused his civil commitment under the Sexually Violent Predator Act, even though he was not convicted of a sex offense. As relief, Banda sought unrestricted release from confinement, correction and expungement of his court records, damages, and assorted other injunctive relief. Banda was granted *in forma pauperis* status in District Court. The District Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Banda timely filed a notice of appeal.[1] He has also filed a motion for a "protection clause," seeking injunctive relief. We have jurisdiction pursuant to 28 U.S.C. § 1291. Banda has been granted leave to proceed *in forma pauperis* on appeal. Upon consideration of the record, we will dismiss the appeal under section 1915(e)(2)(B) for lack of legal merit.

The District Court concluded that Banda's section 1983 action cannot stand until the findings that led to his civil commitment as a sexually violent predator are invalidated.

---

[1]The District Court subsequently denied Banda's motion for reconsideration. Banda did not file an amended notice of appeal regarding this post-decision motion, so the denial of the motion for reconsideration is not before us. See Fed. R. App. P. 4(a)(4)(B).

See Heck v. Humphrey, 512 U.S. 477 (1994). We agree. Success on Banda's claims would necessarily imply the invalidity of his confinement and are not cognizable at this time in a section 1983 action. See Wilkinson v. Dotson, — U.S. —, 125 S. Ct. 1242, 1248 (2005). The proper means of seeking immediate release from confinement, or seeking an earlier release from confinement, is through a petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). See also Brock v. Weston, 31 F.3d 887, 890 (9th Cir. 1994) (like criminal incarceration, involuntary commitment satisfies section 2254's "in custody" requirement). Accordingly, the District Court properly dismissed the complaint. We note, however, that a dismissal pursuant to Heck should be without prejudice to Banda bringing a section 1983 action if he is ultimately successful in invalidating his civil commitment. See Fottler v. United States, 73 F.3d 1065, 1065-66 (10th Cir. 1996).

Lastly, Banda's motion for a "protection clause" seeks an order to protect him from harassment by all employees of the State of New Jersey during the pendency of these proceedings. To the extent that Banda's motion relates to the matters raised in his complaint, we deny the motion. To the extent that the motion raises new allegations regarding the actions of unnamed staff members of the Special Treatment Unit, we deny the motion, as these matters were not raised before the District Court and are not properly before us on appeal.

We will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).