

Opinions of the United
States Court of Appeals
for the Third Circuit

1-4-2006

# Banda v. NJ Dept Mental

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Banda v. NJ Dept Mental" (2006). *2006 Decisions.* Paper 1793.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1793

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HPS-12                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4142
_____

JOHN M. BANDA, JR.,
Appellant

vs.

NEW JERSEY DEPARTMENT OF MENTAL HEALTH SERVICES; NEW JERSEY
SPECIAL TREATMENT UNIT ANNEX; ALICIA A. CAPUTO; In her official &
individual capacities; GREGORY GAMBERKE, In his official & individual capacities;
MANUEL ISEK, In his official & individual capacities; ELENI MARCANTONIS, in her
official & individual capacities; MICHAEL R. MCALLISTER, In his official &
individual capacities; DEON BULLARD, In his official & individual capacities;
CAROLE LESTER, In his official & individual capacities; BENJAMIN LIBERATORE,
In his official & Individual capacities; LUIS ZIEGUER, In his official & Individual
capacities; RONALD "RUSTY & QUO" REEVES, In his official & individual
capacities; HERBERT KALDANI, In his official & individual capacities.

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-02622)
District Judge: Honorable William J. Martini

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
BEFORE: CHIEF JUDGE SCIRICA, WEIS and GARTH, CIRCUIT JUDGES

(Filed: January 4, 2006)

_____

OPINION
_____

1

PER CURIAM.

John M. Banda, Jr. appeals the order of the United States District Court for the District of New Jersey dismissing his civil rights action.

Banda was civilly committed pursuant to an order of involuntary commitment under the New Jersey Sexually Violent Predator Act and is currently a resident of the Special Treatment Unit Annex ("STU Annex") at Avenel, New Jersey. He filed this Complaint pursuant to 42 U.S.C. § 1983 against the New Jersey Department of Human Services, the New Jersey Department of Mental Health Services, the STU Annex, and eleven individual mental health professionals involved in his treatment and/or evaluation. In the Complaint, Banda alleges that his annual review report contained false and/or fraudulent allegations "based on altered reports, trump[ed]-up groundless theories and opinions from unfactual hearsay, suppressed/dismissed evidence and statements and non-sex crime convictions" and that each of the defendants had either participated in or sanctioned malpractice, deliberate mis-diagnosis, and professional misconduct. As relief, Banda sought unrestricted release from confinement,[1] expungement of his court records,

---

[1] On July 5, 2005, Banda sent a letter to the United States District Court for the District of New Jersey in Trenton, indicating that he wished to continue to pursue his Complaint "minus the relief for immediate and/or early release." Because Banda never filed nor sought leave to file an Amended Complaint, and because the District Court reached this claim for relief in its Opinion, we consider the issue to be before us at this time, and therefore address it herein.

and $310 million in damages.  After granting Banda in forma pauperis status, the District Court dismissed his Complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as premature and for failure to state a claim upon which relief may be granted.

Banda timely filed a notice of appeal.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Having granted Banda leave to proceed in forma pauperis on appeal, we must now determine whether Banda's appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  An appeal may be dismissed as frivolous if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court concluded that Banda's section 1983 action essentially alleged that he was involuntarily committed, in violation of his civil rights, based on false information and reports, non-sex-related convictions, and deliberate mis-diagnoses by defendants.  The District Court properly held that Banda's claim for immediate release must be sought through a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Brock v. Weston, 31 F.3d 887, 890 (9th Cir. 1994); Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975).  With respect to his claim for damages, the District Court held that the claim was not cognizable under 42 U.S.C. § 1983 because a favorable outcome would necessarily imply the invalidity of his confinement.  See Wilkinson v. Dotson, ___ U.S. ___, 125 S. Ct. 1242, 1247-48 (2005);  Heck v. Humphrey, 512 U.S. 477 (1994).  We agree.  Accordingly, the District Court properly

dismissed the Complaint without prejudice.[2]  Banda may bring a section 1983 action if he is ultimately successful in invalidating his civil commitment.  See Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996).

For the foregoing reasons, Banda's appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

---

[2]  The District Court dismissed with prejudice Banda's claims for damages against the New Jersey Department of Human Services, the New Jersey Department of Mental Health Services, the STU Annex, and each of the state officers and agents acting in their official capacities, holding that the Eleventh Amendment bars suits for damages in federal court against states and their agencies, departments, and officers.  Because we agree that the District Court properly dismissed the Complaint without prejudice for failure to state a claim at the present time, we do not reach the issue of Eleventh Amendment immunity.