

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2006

# Banda v. NJ Spec Treatment

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4263

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Banda v. NJ Spec Treatment" (2006). *2006 Decisions*. Paper 1641.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1641

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**APS-98**                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4263
_____

JOHN M. BANDA, JR.,

Appellant

v.

NEW JERSEY SPECIAL TREATMENT UNIT ANNEX; MR. P. LAGANA,
Assistant Superintendent (sued in his individual &
official capacities); DR. CAROLE LESTER, Clinic Psych.
(sued in her individual & official capacities);
MR. DEVON BULLARD, Clinic Psych. (sued in his individual
& official capacities); MS. JENNA CACCESE, N.J. Program
Coordinator (sued in her individual & official capacities);
TERRI MARYANN ROTH, Treatment Team Leader (sued in her
individual & official capacities); DR. PHILLIP LEAVITT,
N.J. Clinic Psych. (sued in his individual & offical
capacities); MS. STANZIONE, Special Worker (sued in her individual &
official capacities); DR. A. LEVINSON, Clinic Psych. (sued in his
individual & official capacities); DR. A. WILLIAMS, Staff
Clinic Psych. (sued in his individual & official capacities);
MS. TINA SPAGNUOLO, Unit Director (sued in her individual & official capacities);
DR. RONALD "RUSTY & QUO" REEVES,
State Psych. (sued in his individual & official capacities);
DR. KALDANI, State Psych. (sued in his individual & official capacities);
GAMBOUR, State Psych. (sued in his individual & official
capacities); DR. ZEIGUER, State Psych. (sued in his inidividual
& official capacities)
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-2078)
District Judge: Honorable William J. Martini
_____

BEFORE: SLOVITER, McKEE and FISHER, <u>CIRCUIT JUDGES</u>

(Filed:    February 3, 2006)

_____

OPINION
_____

PER CURIAM

John M. Banda, Jr. appeals the order of the United States District Court for the District of New Jersey dismissing his civil rights action.

Banda was civilly committed pursuant to an order of involuntary commitment under the New Jersey Sexually Violent Predator Act ("Act") and is currently a resident of the Special Treatment Unit Annex ("STU Annex") at Avenel, New Jersey.  He filed a complaint pursuant to 42 U.S.C. § 1983 against the STU Annex and numerous individual mental health professionals involved in his treatment and/or evaluation.  In the complaint, Banda alleged that the defendants violated his constitutional rights when they abused their authority and unlawfully caused his civil commitment under the Act, even though he was not convicted of a sex offense.  Banda alleged that the treatment he receives at the facility is forcing him to admit to sex crimes.  As relief, Banda sought unrestricted release from confinement, expungement of his court records, and $255 million in damages.  After granting Banda <u>in forma pauperis</u> status, the District Court dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Banda timely filed a notice of appeal.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Having granted Banda leave to proceed in forma pauperis on appeal, we must now determine whether Banda's appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  An appeal may be dismissed as frivolous if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Banda's section 1983 action essentially alleged that he was involuntarily committed, in violation of his civil rights, based on false information and reports, non-sex-related convictions, and deliberate mis-diagnoses by defendants.  The District Court properly held that Banda's claim for immediate release must be sought through a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975) (involuntary commitment is a type of "custody" actionable under the habeas statute).  Further, Banda's claims are not cognizable under section 1983 because a favorable outcome would necessarily imply the invalidity of his confinement.  See Wilkinson v. Dotson, ___ U.S. ___, 125 S. Ct. 1242, 1247-48 (2005);  Heck v. Humphrey, 512 U.S. 477 (1994).  Accordingly, the District Court properly dismissed the complaint.  We note, however, that a dismissal here should be without prejudice to his bringing a section 1983 action if he is ultimately successful in invalidating his civil commitment.  See Heck 512 U.S. at 486-87.[1]

For the foregoing reasons, Banda's appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for lack of legal merit.

---

[1] Also, the District Court did not err in declining to exercise supplemental jurisdiction over Banda's state law claims.  See 28 U.S.C. § 1367(c).