**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1582
_____

JOHN M. BANDA, JR.,

Appellant

v.

S. ADAMS, Unit Director (sued in her individual capacity);
M. MAIN, Director (sued in his individual capacity); Y.
CORNIEL, Program Coordinator & Treatment Team Member
(sued in her individual capacity); K. STANKIEWICZ, Psy. D,
ABPP, Clinical Psychologist II (sued in his individual
capacity); P. DUDEK, Ph.D Clinical Psychologist II
(sued in his individual capacity); D. STANZIONE, Ed.D.
Clinical Psychologist II (sued in her individual capacity); L.
CHIAPPETTA, Asst. Social Worker Supervisor & Treatment
Team Member (sued in her individual capacity); M.
LEVI, Ms. Staff Clinical Psychologist III & Treatment
Team Member (sued in her individual capacity); D.
RODRIGUEZ, LPC, LCADC, Substance Abuse Counselor
& Treatment Team Member (sued in her individual capacity)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-15-cv-01887)
District Judge: Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2016

Before: CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 9, 2017)

_____

OPINION*
_____

PER CURIAM

John M. Banda, Jr. appeals from an order of the District Court dismissing his civil rights action. For the reasons that follow, we will affirm.

Banda was involuntarily committed in 2004 under the New Jersey Sexually Violent Predator Act ("SVPA") and is currently confined at the Special Treatment Unit ("STU") in Avenel, New Jersey. He has previously challenged his civil commitment in actions pursuant to 42 U.S.C. § 1983, see generally Banda v. State of New Jersey, 134 F. App'x 529 (3d Cir. 2005) (holding that Banda could not maintain § 1983 action seeking release from civil commitment without first having his civil commitment invalidated); Banda v. New Jersey Special Treatment Unit, 164 F. App'x 286 (3d Cir. 2006) (same); Banda v. N.J. Dep't of Mental Health Serv., 160 F. App'x 270 (3d Cir. 2006) (same).

On March 11, 2015, Banda filed another in forma pauperis civil rights action in the United States District Court for the District of New Jersey, challenging his civil commitment. He named as defendants numerous STU staff members, and alleged that these defendants, out of malice, had deprived him of the care that he needs -- specifically, meaningful mental health "non-convicted sex offender treatment" -- and the opportunity for release, and therefore had violated his constitutional rights. Banda sought money damages and injunctive relief. Banda attached to his complaint a report by Dr. Kris

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Stankiewicz, a Clinical Psychologist, from June 2014, which, among other things, noted that Banda, now in his sixties, has an extensive history of offending against pubescent boys and young men using bondage and aggression, consistently denies this behavior, refuses to engage in the treatment offered to him at the STU, and falls in the category of "Moderate/High Range" with respect to his risk of recidivism.

In an order entered on May 26, 2015, the District Court dismissed Banda's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. Specifically, the District Court determined that any challenge to Banda's civil commitment under the SVPA would have to be brought in a petition for a writ of habeas corpus, see Preiser v. Rodriguez, 411 U.S. 475 (1973), and that his claim for damages could not proceed unless and until his civil commitment order was invalidated, see Heck v. Humphrey, 512 U.S. 477 (1994).

On June 3, 2015, Banda filed a timely motion for reconsideration, Fed. R. Civ. P. 59(e), in which he argued that the District Court had misconstrued the nature of his civil rights complaint. Banda argued that he was not challenging his civil commitment, but rather pursuing a claim that the defendants were deliberately indifferent, in violation of the Eighth Amendment, to his need for proper treatment, specifically non-convicted sex offender mental health treatment as, he alleged, is required by N.J. Stat. Ann. § 30:4-27.34(b). In a supplemental letter, he argued that the SVPA violates the Equal Protection Clause as applied to him, because he is not a convicted sex offender. In an order entered on March 2, 2016, the District Court denied the motion, concluding that the standard for reconsideration, see Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999),

3

had not been met.  In the margin, the District Court observed that, even if Banda's complaint was not barred by Heck, he had failed to state a viable Eighth Amendment claim because he was being offered psychiatric treatment but was refusing it, and mere disagreements over what constitutes proper treatment for a detained person does not rise to the level of deliberate indifference.

Banda appeals.  We have jurisdiction under 28 U.S.C. § 1291.  In his pro se brief, Banda asserts that, for the past 11 to 12 years, he has been "warehoused" at the STU, and that he has not received treatment appropriately tailored to his specific needs as a non-convicted sex offender.  He draws a distinction, as he did in the proceedings below, between sex offenders who have been convicted of sex offenses and those like himself who have been civilly committed.  He claims that the treatment provided at the STU is tailored only to the needs of convicted sex offenders, and he argues that the State of New Jersey has had ample time to provide him with the proper treatment, and that he should now be released.

We will affirm.  To the extent that Banda is seeking immediate release from his civil commitment, the District Court properly concluded that he must rely on a petition for a writ of habeas corpus.  See Preiser, 411 U.S. at 500; see also Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975) (involuntary commitment is type of "custody" actionable under habeas statute).  Banda's claims are not cognizable under § 1983 at this time because his civil commitment order has not been invalidated by an appropriate tribunal, and a favorable outcome in a § 1983 action would necessarily and improperly imply the invalidity of his confinement at the STU.  See Wilkinson v. Dotson, 544 U.S. 74, 80-82 (2005); Heck, 512 U.S. at 486-87.  Banda's emphasis in his brief that he has

4

been "warehoused" for the past 11 to 12 years, that the State of New Jersey has had ample time to treat him, and that he should now be released, is, as the District Court concluded, fundamentally an argument that sounds in habeas. Accordingly, dismissal of Banda's complaint without prejudice is the proper course of action, see Banda, 164 F. App'x at 287.

We further agree with the District Court that Banda, to the extent that he has alleged a denial of treatment that is not barred by Heck and/or Preiser, has failed to state an Eighth Amendment violation. Banda, as a civilly committed individual, enjoys due process protections under the Fourteenth Amendment. See Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003). Without deciding whether the Fourteenth Amendment provides greater protections, we have found it sufficient to apply the Eighth Amendment standard set forth in Estelle v. Gamble, 429 U.S. 97 (1976), pertaining to prisoners' claims of inadequate medical care, when evaluating a claim for inadequate medical care by a non-convicted detainee. Id. In Estelle, the Supreme Court held that the Eighth Amendment proscribes deliberate indifference to prisoners' serious medical needs. 429 U.S. at 103-04. Prison authorities are, however, accorded considerable latitude in the diagnosis and treatment of prisoners, see Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1979). Disagreements about treatment do not ordinarily constitute deliberate indifference. Id.

The statute upon which Banda relies provides that "[t]he Division of Mental Health Services in the Department of Human Services shall provide or arrange for treatment for a person committed pursuant to this act," and "[s]uch treatment shall be appropriately tailored to address the specific needs of sexually violent predators," N.J.

5

Stat. Ann. § 30:4-27.34(b). Banda was scheduled to be released from prison on or about February 4, 2004 when, on January 22, 2004, the New Jersey Attorney General filed the petition for his civil commitment. The civil commitment court found that four of Banda's prior offenses constituted "sexually violent offenses" and that thus he was a sexually violent predator. See In re: Commitment of J.M.B., 964 A.2d 752, 756 (2009). Banda does not dispute that he has been offered treatment specifically tailored to the needs of sexually violent predators, and, under the circumstances presented, his attempt to draw a distinction between non-convicted sexually violent predators and convicted sex offenders is not persuasive. His assertion that there is some different form of treatment for non-convicted sex offenders that should be offered to him is not plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully"). See also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (conclusory allegations are insufficient to survive motion to dismiss). No claim of deliberate indifference is made out where a significant level of care has been provided and all that is shown is that the civil detainee disagrees with the health care provider's professional judgment about what constitutes proper care.

For the foregoing reasons, we will affirm the order of the District Court dismissing Banda's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6).